*Bhattacharya v. HISCOX Insurance Company Inc*

**Index of Exhibits re: Notice of Removal**

| Exhibit No. | Date | Document |
|---|---|---|
| 1 | 4/4/2019 | Notice of Service of Process |
| 2 | 3/22/2019 | Amended Summons |
| 3 | 3/22/2019 | Amended Certificate of Compulsory Arbitration |
| 4 | 3/22/2019 | Amended Plaintiff's Demand for Jury Trial |
| 5 | 3/22/2019 | Amended Civil Cover Sheet |
| 6 | 3/22/2019 | Amended Complaint |
| 7 | | Certified Mailing Envelope from AZDOI |
| 8 | 5/1/2019 | Civil Docket for CV2019-052190 |
| 9 | 2/20/2019 | Civil Cover Sheet |
| 10 | 2/20/2019 | Complaint |
| 11 | 2/20/2019 | Certificate of Compulsory Arbitration |
| 12 | 2/20/2019 | Plaintiff's Demand for Jury Trial |
| 13 | 5/1/2019 | Verification of Daniel B. Bernardone |

# Exhibit 1



**null / ALL**
**Transmittal Number: 19602791**
**Date Processed: 04/04/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | David Schonbrun<br>Hiscox USA<br>1133 Westchester Ave<br>Ste S-231<br>White Plains, NY 10604-3516 |
| **Electronic copy provided to:** | Michael Baker<br>Helen Weinstein<br>Angela Angel<br>Danielle Nelson |

| | |
|---|---|
| **Entity:** | Hiscox Insurance Company Inc.<br>Entity ID Number  2845501 |
| **Entity Served:** | HISCOX Insurance Company Inc. |
| **Title of Action:** | Sourav Bhattacharya vs. HISCOX Insurance Company |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Maricopa County Superior Court, AZ |
| **Case/Reference No:** | CV 2019-052190 |
| **Jurisdiction Served:** | Arizona |
| **Date Served on CSC:** | 04/03/2019 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | AZ Department of Insurance on 03/28/2018 |
| **How Served:** | Certified Mail |
| Sender Information: | Sourav Bhattacharya<br>480-321-9563 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# Exhibit 2

STATE OF ARIZONA
DEPT. OF INSURANCE

MAR 2 8 2018

TIME 10:32 am
SERVICE OF PROCESS

Person Filing: Sourav Bhattacharya
Address (if not protected): 13418 N Clifftop Drive
City, State, Zip Code: Fountain Hills, AZ 85268
Telephone: (480) 321 - 9563
Email Address: sourav_az@yahoo.com
Lawyer's Bar Number:

Representing ☒ Self, without a Lawyer  or  ☐ Attorney for  ☐ Plaintiff   OR  ☐ Defendant

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Sourav Bhattacharya

Name of Plaintiff

And

HISCOX Insurance Company Inc.

Name of Defendant

**Case No.:** CV 2019 - 052190

## SUMMONS

if you would like legal advice from a lawyer,
Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

AMENDED

> **WARNING: This is an official document from the court that affects your rights. Read this carefully.**
> **If you do not understand it, contact a lawyer for help.**

**FROM THE STATE OF ARIZONA TO:** HISCOX Insurance Company Inc.

Name of Defendant

1.  A lawsuit has been filed against you.  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:

    *   **Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 OR**

    *   **Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR**

    *   **Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 OR**

    *   **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.**

    **Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.**

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV11f 010119

Case Number: CV 2019 - 052190

3. If this **"Summons"** and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your **"Response"** or **"Answer"** must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this **"Summons"** and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

   - **601 West Jackson, Phoenix, Arizona 85003**
   - **18380 North 40ᵗʰ Street, Phoenix, Arizona 85032**
   - **222 East Javelina Avenue, Mesa, Arizona 85210**
   - **14264 West Tierra Buena Lane, Surprise, Arizona 85374.**

5. Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

6. Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

# COPY

SIGNED AND SEALED this date

_____
CLERK OF SUPERIOR COURT
MAR 2 2 2019

CLERK OF THE SUPERIOR COURT

DEPUTY CLERK

By_____
             **Deputy Clerk**

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV11f 010119

# Exhibit 3

**COPY**

MAR 2 2 2019

CLERK OF THE SUPERIOR COURT
FOR CLERK'S USE ONLY
DEPUTY CLERK

COURT SEAL

| | |
|---|---|
| **Person Filing:** | Sourav Bhattacharya |
| **Address (if not protected):** | 13418 N Clifftop Drive |
| **City, State, Zip Code:** | Fountain Hills, AZ 85268 |
| **Telephone:** | (480) 321 - 9563 |
| **Email Address:** | sourav_az@yahoo.com |
| **Lawyer's Bar Number:** | |

**Representing** ☐ Self, without a Lawyer  or  ☐ Attorney for  ☐ Petitioner  OR  ☐ Respondent

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Sourav Bhattacharya

PLAINTIFF,

vs.

HISCOX Insurance Company Inc, Doe Individual I-X

Black Corporations II-X, Green Partnerships I-X

DEFENDANT.

**Case Number:** CV 2019-052190

## CERTIFICATE OF COMPULSORY ARBITRATION

AMENDED

The undersigned certifies that the largest award sought by the complainant, including punitive damages, but excluding interest, attorneys' fees, and costs **does / ~~does not~~** exceed limits set by Local Rule for compulsory arbitration.  This case ~~is~~ / **is not** subject to compulsory arbitration as provided in Rules 72 through 77 of the Rules of Civil Procedure.

SUBMITTED this _22nd_ day of _March_, 20_19_.

BY _[signature]_

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

Page 1 of 1

CV00f - 030617
Use current version

# Exhibit 4

Person Filing: Sourav Bhattacharya
Address (if not protected): 13418 N Clifftop Drive
City, State, Zip Code: Fountain Hills, AZ 85268
Telephone: (480) 321 - 9563
Email Address: sourav_az@yahoo.com
Lawyer's Bar Number:

Representing ☐ Self, without a Lawyer  or  ☐ Attorney for  ☐ Plaintiff   OR   ☐ Defendant

**COPY**

MAR 2 2 2019

CLERK OF THE SUPERIOR COURT

DEPUTY CLERK

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Sourav Bhattacharya
_____
Name of Plaintiff

HISCOX Insurance Company Inc, Doe Individual I-X
_____
Name of Defendant

Case Number:  CV 2019-052190

Title:  **PLAINTIFF'S DEMAND for JURY TRIAL**

AMENDED

Plaintiff, Sourav Bhattacharya _____, demands a trial by jury in this case. If this

case is sent to compulsory arbitration, Plaintiff demands a trial by jury if there is an appeal

from that compulsory arbitration.

Dated this  March 22, 2019
_____
*(Date of signature)*

_____
(Signature of Plaintiff or Plaintiff's Attorney)

© Superior Court of Arizona in Maricopa County
   ALL RIGHTS RESERVED          Page 1 of 1          CVC11f  050718

# Exhibit 5

**In the Superior Court of the State of Arizona**

**In and For the County of** _____

Case Number _C V 2019 - 052190_

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney _____

Attorney Bar Number _____

Is Interpreter Needed? ☐ Yes  ☒ No

If yes, what language(s): COPY

MAR 2 2 2019

CLERK OF THE SUPERIOR COURT

DEPUTY CLERK

---

Plaintiff's Name(s):  (List all)       Plaintiff's Address:                      Phone #:             Email Address:
Sourav Bhattacharya                13418 N Clifftop Drive, Fountain Hills, AZ 85268,   (480) 321-9563   sourav_az@yahoo.com

(List additional Plaintiffs on page two and/or attach a separate sheet).

AMENDED

Defendant's Name(s):  (List All)
HISCOX Insurance Company Inc, DOE Individuals I-X, Black Corporations II-X, Green Partnerships I-X

(List additional Defendants on page two and/or attach a separate sheet)

---

**RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:**

**IMPORTANT: Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☒ Amount Claimed $ 1,797,000          ☐ Tier 1   ☐ Tier 2   ☒ Tier 3

---

**NATURE OF ACTION**

Place an "X" next to the **one** case category that most accurately describes your primary case. **Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected as indicated above.**

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury*

☐ 102 Property Damage*

☐ 103 Wrongful Death*

## 110 TORT NON-MOTOR VEHICLE:

☐ 111 Negligence*

☐ 112 Product Liability – Asbestos*

☐ 112 Product Liability – Tobacco*

☐ 112 Product Liability – Toxic/Other*

☐ 113 Intentional Tort*

☒ 114 Property Damage*

☐ 115 Legal Malpractice*

☐ 115 Malpractice – Other professional*

☐ 117 Premises Liability*

☐ 118 Slander/Libel/Defamation*

☒ 116 Other (Specify) __BAD FAITH_____*

## 120 MEDICAL MALPRACTICE:

☐ 121 Physician M.D.*      ☐ 123 Hospital*

☐ 122 Physician D.O*       ☐ 124 Other*

## 130 & 197 CONTRACTS:

☐ 131 Account (Open or Stated)*

☐ 132 Promissory Note*

☐ 133 Foreclosure*

☐ 138 Buyer-Plaintiff*

☒ 139 Fraud*

☒ 134 Other Contract (i.e. Breach of Contract)*

☐ 135 Excess Proceeds-Sale*

☐ Construction Defects (Residential/Commercial)*

    ☐ 136 Six to Nineteen Structures*

    ☐ 137 Twenty or More Structures*

☐ 197 Credit Card Debt (Maricopa County Only)*

## 150-199 OTHER CIVIL CASE TYPES:

☐ 156 Eminent Domain/Condemnation*

☐ 151 Eviction Actions (Forcible and Special Detainers)*

☐ 152 Change of Name

☐ 153 Transcript of Judgment

☐ 154 Foreign Judgment

☐ 158 Quiet Title*

☐ 160 Forfeiture*

☐ 175 Election Challenge

☐ 179 NCC-Employer Sanction Action (A.R.S. §23-212)

☐ 180 Injunction against Workplace Harassment

☐ 181 Injunction against Harassment

☒ 182 Civil Penalty

☐ 186 Water Rights (Not General Stream Adjudication)*

☐ 187 Real Property *

☐ Special Action against Lower Courts

    (See Lower Court Appeal cover sheet in Maricopa)

☐ 194 Immigration Enforcement Challenge

    (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review

    (See Lower Court Appeal cover sheet in Maricopa)

☐ 150 Tax Appeal

    (All other tax matters must be filed in the AZ Tax Court)

☐ 155 Declaratory Judgment

☐ 157 Habeas Corpus

☐ 184 Landlord Tenant Dispute – Other*

☐ 190 Declaration of Factual Innocence (A.R.S. §12-771)

☐ 191 Declaration of Factual Improper Party Status

☐ 193 Vulnerable Adult (A.R.S. §46-451)*

☐ 165 Tribal Judgment

☐ 167 Structured Settlement (A.R.S. §12-2901)

☐ 169 Attorney Conservatorships (State Bar)

☐ 170 Unauthorized Practice of Law (State Bar)

☐ 171 Out-of-State Deposition for Foreign Jurisdiction

☐ 172 Secure Attendance of Prisoner

☐ 173 Assurance of Discontinuance

☐ 174 In-State Deposition for Foreign Jurisdiction

☐ 176 Eminent Domain– Light Rail Only*

☐ 177 Interpleader– Automobile Only*

☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)

☐ 183 Employment Dispute- Discrimination*

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV10f - 010119

Case No._____

☐ 185 Employment Dispute-Other*

☒ 163 Other*

☐ 196 Verified Rule 45.2 Petition

Punitive Damage

☐ 195(a) Amendment of Marriage License

(Specify)

☐ 195(b) Amendment of Birth Certificate

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order    ☐ Provisional Remedy    ☐ OSC    ☐ Election Challenge

☐ Employer Sanction    ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

# Exhibit 6

Sourav Bhattacharya
13418 NORTH CLIFF TOP DRIVE
FOUNTAIN HILLS, AZ 85268
PHONE (480) 321 – 9563
Plaintiff

**COPY**

MAR 2 2 2019

CLERK OF THE SUPERIOR COURT

DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Sourav Bhattacharya, a Married Man,<br>**Plaintiff**<br><br>        v<br><br>HISCOX Insurance Company, HISCOX Insurance<br>Company Inc., DOE Individuals I-X, Black<br>Corporations II-X, Green Partnerships I-X<br>**Defendant** | **Breach of Contract, Failure to<br>Duty to Defend, Bad Faith,<br>Punitive Damages, Personal Injury,<br>Business Tort, Common Law<br>Economic Tort**<br><br>**Amended Complaint**<br>**(Jury Trial Requested)** |

Plaintiff complains and alleges against HISCOX Insurance Company Inc.

("***HISCOX***"), and DOE Individuals I-X, Black Corporations I-X, Green Partnerships I-X

(collectively referred to as "Defendants") as follows.

Plaintiff reserves the right to ratify, add, update and clarify Defendants identifies post

Discovery, and during the trial as new evidences may surface.

### I.  Parties and Venue

1. Defendant ***HISCOX*** is a company conducting business in Maricopa County.

    a.  Defendants Doe Individuals I-X, Black Corporations II-X, and Green

    Partnerships I-X are individuals and other jurat entities that have caused to acts

Amended Complaint – 1

to occur giving rise to this action. When the true names of these individuals and legal entities are ascertained, their proper names will be substituted by Plaintiff.

2. Networks and Security Research LLC ("**NSR LLC**") is an Arizona Limited Liability Corporation who at all relevant times pertinent to the facts alleged herein was doing business in the Maricopa County.

   a. Sourav Bhattacharya ("**Bhattacharya**") is a married man, maintains a place of residence in Maricopa County.

   b. Bhattacharya is a single member manager of NSR LLC.

   c. NSR LLC has assigned (recorded with Maricopa County Recorder) its rights (including, but not limited to, [a] loss, [b] the rights to loss recovery, [c] related duties and [d] transactional responsibilities) to **Bhattacharya**.

3. HISCOX issued an insurance policy ("**Policy**") to NSR LLC with:

   a. NSR LLC as **Named Insured**;

   b. Pursuant to the **Policy**, Section II-1 (c), *Who is An Insured*, which states [emphasis added]

      i. "*A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your **managers are insureds**, but only with respect to their duties as your managers.*"

      ii. **Bhattacharya** is an **insured**, being a manager of NSR LLC.

4. **Bhattacharya** (Plaintiff in the current civil action) exercises his rights as 1st party insured to recover losses Plaintiff directly incurred or has been assigned to.

a. For Counts II, III, IV

   i. Plaintiff suffered loss as 1st party insured for which restitution is sought.

      1. Count II (personally paid for computers and equipment for sole usage at NSR LLC office), Count III (adopted personal guarantee in Merchant Accounts), and Count IV (was personally sued by Elavon).

   ii. NSR LLC suffered loss, also as 1st party insured for which the loss (and, rights to loss recovery) is assigned to Plaintiff.

b. For Count I

   i. NSR LLC suffered loss, as 1st party insured, for which the loss (and, rights to loss recovery) is assigned to Plaintiff.

   ii. Paid from NSR LLC Business Account, which had an additional personal guarantee signature protection from Plaintiff. It may be argued that both Plaintiff (with personal signature guarantee) and NSR LLC, individually and severally suffered loss.

c. For Counts V, VI, and VII

   i. Loss and rights to loss recovery are related to tort, consequential damages and other consequences from the underlying causes of actions per Counts I, II, III and IV.

   ii. Plaintiff and NSR LLC, individually and severally, each party being 1st party insured with NSR LLC having assigned its loss and loss recovery rights to Plaintiff, seek restitution.

Amended Complaint – 3

d.  For Count VIII, Personal Injury, Bhattacharya (*Insured* party) seeks direct and indirect damages (including, but not limited to, general and special damages).

e.  For Count IX, Business Tort, by and through NSR LLC's assignment of loss to Bhattacharya, Plaintiff seeks damages due to loss of business.

f.  All loss recovery proceeds shall be disposed per the HISCOX **Policy** terms & conditions (if any), State of Arizona laws, and applicable financial standards.

5.  This is a civil action over which the Court has original jurisdiction pursuant to A.R.S. 12-123. Venue is proper in this Court pursuant to A.R.S. 12-401.

## I.  Background – General Allegations

6.  Aforesaid clauses 1 to 5 are repeated and incorporated herewith.

7.  NSR LLC operated a business offering tele-sales services from 2Q 2016.

8.  Plaintiff purchased computer equipment(s) (server, desktops, laptop, printer, and other related tangible properties) for NSR LLC office, to be used solely for NSR LLC.

9.  Oct 31, 2016 NSR LLC purchased the HISCOX **Policy**. Plaintiff paid for the Policy.

10. On Nov 1, 2016 a 3rd party vendor contacted Plaintiff and NSR LLC for selling auto parts across USA.

a.  NSR LLC paid by wire transfer the 3rd party vendor approx. US$ 6844.00 for shipment of auto parts to multiple customers across USA.

11. Various dates in Dec 2016, and again on March 14, 2017, 3rd party vendor provided NSR LLC written statement(s) of customer auto parts having been shipped.

Amended Complaint – 4

12. However, customers denied having received the said auto parts.

13. Plaintiff and NSR LLC filed a claim to HISCOX. HISCOX denied on Feb 21, 2017.

14. During or around April 2017: Customers caused chargebacks to NSR LLC merchant account, causing closure of the credit card processing facilities.

15. Mid-2017: Computers and other office equipment were stolen from NSR LLC office.

16. 2nd and 3rd Quarter of 2017: Plaintiff and NSR LLC provided multiple claim substantiations to HISCOX. HISCOX continued to deny all claims and made no investigation.

17. April 2018: Elavon (Credit Card Merchant Account Processor, associated with US Bank) filed a civil lawsuit against both Plaintiff (personally) and NSR LLC.

    a.  May 2018: Plaintiff and NSR LLC provided the copy of the Complaint to HISCOX seeking duty to defend coverage.

    b.  Plaintiff and NSR LLC also claimed HISCOX for property coverage for cash lost (discovered during May / June 2018) with the Merchant Accounts, with Elavon and NMI.  The cash lost included:

        i.  Cash stolen as discrepancy between what the credit card processor reported to IRS versus what was actually paid to Plaintiff's bank,

        ii.  Cash stolen by hiding Plaintiff's sales, which on a later date became accidentally disclosed, and

        iii.  Cash stolen due to the discrepancy between industry standard dispute resolution and the 100%-dispute-resolved against Plaintiff accounting

Amended Complaint – 5

model adopted by the credit card processors.

c.  June 01 2018: HISCOX denied Duty to Defend (Plaintiff and NSR LLC) claim.

d.  HISCOX did not even address the Merchant account cash loss matter.

e.  Oct 2018: The civil action got resolved on favorable terms to Plaintiff and NSR LLC, due to lack of any substance in Elavon's civil action.

## II. Legal Standards – Allegations Common to All Counts

18. Pursuant to ARS 12-548 six (6) year statutory timeline applies for Breach of (Written) Contract, and two (2) year for Tort, Bad Faith and other consequential damages.

19. Ambiguities in insurance contracts always favors the insured.

a.  See *Sparks v. Republic National Life Ins. Ca., 132 Ariz. 529, 647 P.2d 1127 (1982)*. the court held that the fair debatability of an insurance claim cannot be created by the insurer's reliance on ambiguity in the policy, otherwise "insurers would be encouraged to write ambiguous insurance contracts...".

20. If (**which is an "IF"**) the insurance contract explicitly states (**HISCOX Policy does not**) a shorter timer period than six years (for a Breach of Contract action), then *Zuckerman v. Transamerica Ins. Co., 133 Ariz. 139, 650 P.2d 441 (Ariz. 1982)* established the precedent regarding the timeline of civil action commence.

> *"[W]hile the policy condition shortening the applicable statute is valid...the insurer may be estopped from raising a defense based upon such an adhesive clause where the enforcement of the clause would work an unjust forfeiture. The key factor in the determination of this issue is the question of whether the insurer has shown prejudice by reason of the delay in filing suit. In the absence*

Amended Complaint – 6

*of such a showing, it is fair to say that the purpose for which the insurer was given permission to insert the clause will not be served by its enforcement."*

21. Pursuant to ARS 13-1802 (G) a theft of over US$25,000 is a Class 2 felony, and a theft between US$4,000 and US$25,000 is a Class 3 felony.

    a. Plaintiff has a right to civil remedy, including but not limited to recovery of the theft amount, and consequential damages.

22. Coverage of **business property loss (<u>tangible</u> property) due to theft** is well settled for Business Insurance Contracts:

    a. See <u>*Winters v State Firm, 73 F.3d 224 (9th Cir. 1995),*</u> Insurer paid for Business Properties lost due to theft. "*State Farm adjusted the property loss under the business personal property portion of the policy, paying Winters the actual cash value of the saws, less a deductible.*" District Court concurred the property loss due to theft payment. "*The district court concluded that the business personal property loss provision covers only the value of the property involved.*"

    b. See <u>*Sophia Brulee v. Midvale Indemnity Co., No. 1:17-cv-01434 JLT, US District Court, E.D. California, Nov 5, 2018,*</u> "*On April 4, 2018, Midvale advised it would be issuing a check in the amount of $50, 000 for the Business Personal Property claim*".

    **c.** See <u>*Patterson v. American Economy Insurance Co, No. 1:14-cv-01281-EPG, U.S. District Court, E.D. California, June 9, 2016.*</u> Regarding theft of merchandise from the business, "*Defendant determined that the theft was a single occurrence under*

Amended Complaint – 7

*the policy, and paid Plaintiffs $103, 000.00 pursuant to the policy's limits."*

23. Coverage of **business property loss (such as funds in Bank Accounts, also <u>tangible</u> property) due to theft** is well settled for Business Insurance Contracts:

   a. Funds in bank accounts are well settled as tangible property. Tangible property refers to any physical possession that can be held and managed, including real and personal property. On a balance sheet, cash assets are classified as tangible property and are booked accordingly, generally under current assets.

   b. See *Lansing Sound Inc v. National Fire Insurance Co of Pittsburgh, No 84-6630, 801 F.2d 1560 (9th Cir. 1986)*. Money (sales commission) paid to employee bank account for fraud sales covered by a business insurance policy.

   c. Furthermore, 14th Amd of the US Constitution ("... *life, liberty and property...*") protects Bank Accounts as Property, equating the Bank Accounts to tangible property. This is as much of a common sense as well. Indeed, the legitimate owner of a Bank Account can withdraw cash and purchase tangible properties, such as clothes, books, computers, automobile, real estate property etc. Hence, no distinction applies between Bank Accounts and tangible properties.

24. Insurer's **duty to defend in a business property loss** is well settled for Business Insurance Contracts:

   a. See *Nucor Corporation v. Employers Insurance Co of Wausau and Hartford, 231 Ariz. 411 (Ariz.App. Div. 1 2012), 296 P.3d 74*, "*diminution in the value of their [homeowners] property because of ... being located above*

Amended Complaint – 8

1          *groundwater containing TCE", "The court subsequently found that Wausau*

2          *had breached its duty to defend Nucor on the ADEQ claim and granted [296*

3          *P.3d 77] Nucor partial summary judgment."*

4        b.  See *Desert Mountain Properties LLP v. Liberty Mutual Fire Insurance Co., 225*

5          *Ariz. 194 (Ariz.App. Div. 1 2010), 236 P.3d 421. "[C]ommercial general*

6

7          *liability policies issued by Liberty Mutual Fire Insurance Company covered*

8          *the expenses Desert Mountain incurred in repairing property damage*

9          *resulting from the soil settlement. We also affirm the jury's conclusion that*

10

11         *Liberty Mutual was obligated to indemnify Desert Mountain for those*

12         *expenses even though none of the homeowners had sued Desert Mountain*

13         *over the damage to their homes."*

14  25. Insurance Bad Faith:

15       a.  Standard for Liability in Arizona: See *Noble v. National American Life*

16

17         *Insurance Company,* 128 Ariz. 188, 624 P.2d 866 (1981) (*"absence of*

18         *reasonable basis for denying policy benefits and insurer's knowledge or*

19         *reckless disregard of the lack of a reasonable basis for denying the claim"*).

20

21       b.  Types of insurer conducts that demonstrate unreasonableness (for Bad Faith

22         awards), per Noble precedent include, but are not limited to:

23           i.  Insurer's failure to conduct a reasonably thorough investigation before

24             denying an insured's claim;

25           ii.  Insurer's reliance on a policy provision previously ruled invalid

26

27                      Amended Complaint – 9

c.   Reliance on ambiguous policy provisions is not a defense to a bad faith action. *Sparks v. Republic National Life Ins. Co., 132 Ariz. 529, 647 P.2d 1127 (1982), cert. denied, 459 U.S. 1070 (1982).*

26. Punitive Damages:

a.   Punitive damages are restricted to those cases in which the defendant's wrongful conduct is guided by evil motives. *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565 (1986).

   i.   "*Plaintiff can prove the punitive damage case by inference and with circumstantial evidence*".

      1.   The jury is not limited to evidence of the defendant's actual subjective intent.

      2.   The court recognized in *Rawlings* that in most cases the plaintiff will find it difficult, if not impossible, to prove the requisite evil mind with direct evidence of a subjective intent to harm.

      3.   Accordingly, the plaintiff can prove the punitive damage case by inference and with circumstantial evidence

   ii.   The court stated that the evil mind which will justify the imposition of punitive damages may be manifested in either of two ways.

      1.   It may be found where defendant intended to injure the plaintiff.

      2.   Defendant did not intend to cause injury but consciously pursued a course of conduct knowing that it created a substantial risk of significant harm.

b.   Burden of proof for punitive damages is ***clear and convincing evidence***. *Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326 (1986).

Amended Complaint – 10

### III.   Counts

**Count I: Breach of Contract (Part A) – Business Personal Property ("Content")**

27. Aforesaid clauses 1 to 26 are repeated and incorporated herewith.

28. Legal Standards (supplemental this Count):

    a.   Pursuant to ARS 12-548 the six (6) year statutory timeline is applicable, Breach of Contract for Business Personal Property (aka. "Content");

    b.   HISCOX policy has no specific provision shortening the statutory timeline;

    c.   See *Zuckerman v. Transamerica Ins. Co., 133 Ariz. 139, 650 P.2d 441 (Ariz. 1982)*. In the current matter, HISCOX claim denial letters (Feb 17, 2017; May 15, 2017; and June 1, 2018), intermittent with Plaintiff's multiple claim correspondences to HISCOX establish a series of just causes for the timeline of filing the current civil action.

        i.   New claims were initiated post Feb 21, 2017 denial letter.

        ii.   The Duty to Defend in a civil action against Plaintiff was reported to HISCOX in May 2018. HISCOX latest denial letter June 1 2018 is as recent as being within eight (8) months from the filing of this civil action.

        iii.   Clearly, HISCOX cannot show a prejudice in the delay in filing the current civil action.

    d.   Pursuant to ARS 13-1802 (G) the current matter is a Class 3 felony, for which Plaintiff seeks civil remedy.

    e.   Coverage of Business Property loss (tangible property) due to theft is well

settled for Business Insurance Contracts. See [1] _Winters v State Firm, 73 F.3d 224 (9th Cir. 1995)_; [2] _Sophia Brulee v. Midvale Indemnity Co., No. 1:17-cv-01434 JLT, US District Court, E.D. California, Nov 5, 2018,_ [3] _Patterson v. American Economy Insurance Co, No. 1:14-cv-01281-EPG, U.S. District Court, E.D. California, June 9, 2016._

29. Background (underlying reasons) for the loss are (including, but not limited to):

    a. Nov 1, 2016: NSR LLC made the payments to 3rd Party vendor, using wire transfer; NSR LLC bank account had Plaintiff's personal signature guarantee.

    b. Various date in Dec 2016 and again on March 14, 2017: 3rd Party vendor claimed (in writing) that customer shipments were made;

    c. March – April, 2017 (various dates): Customers denied and claimed non-receipt;

    d. Likely fraud committed by vendor, or in the alternative by the customers;

30. Cash value evidence for the loss is supported by (including, but not limited to): US Bank Wire Transfer to the vendor, in the amount approximately US $6844.00.

31. Coverage territory is affirmed per HISCOX Policy language (see Policy Clause 4-c(1), page 13 of 16), which states "_Goods or products made or sold by you in the territory described in Paragraph a. above_" [which is the USA geo]. These properties were indeed sold to USA locations.

32. The type of loss is business personal property (aka. "Content"). This type of loss is covered in (at least) two place of the HISCOX Policy, per policy language:

    a. **Coverage A** – Bodily Injury and **Property Damage Liability; Insuring**

**Agreement**: [page 1 of 16]; **Exclusion**: [Clause j, page 4 of 16]; **Definitions**: [Clause 17, page 15 of 16];

b. **Coverage D - Supplemental Business Personal Property Coverage Floater, Definition** – Clause #2

33. Findings of Facts (FoF): The below listed FoF items (including, but not limited to) substantiate this loss:

    a.  Bank Wire Transfer proof

    b.  Vendor emails claiming customers have been shipped

    c.  Customer chargebacks

    d.  HISCOX Policy

34. **Insurer's Wrongful Denial**: Justifications alleged in HISCOX denial letter (for this coverage), and deficiencies in the said justifications are as follows (including, but not limited to):

    a.  **HISCOX Allegation 1**: HISCOX alleged that the said property is not Business Personal Property. **Deficiencies in HISCOX Allegation 1**: These are auto-parts, used only for Business, and have no personal use. A Property can only be either for Business or Personal. Since, these properties cannot be Personal, by default they are Business.

    b.  **HISCOX Allegation 2**: HISCOX alleged that the said property loss related to a pre-existing condition. **Deficiencies in HISCOX Allegation 2**:  The HISCOX policy was in full effect when NSR LLC made the payment to the vendor, and

vendor claimed shipment to the merchants. Subsequent denial of receipt of the

merchandise also occurred when HISCOX policy was in full effect. Allegation

of a pre-existing condition is voided by a before-after establishment of the dates.

35. Remedy requested, to be determined during trial, including but not limited to the total

of $6800.00 (wire transfer amount to India), $20,000.00 (frivolous chargeback created

by Merchant Account representatives "NMI" and "Elavon, discovered on a later date),

and loss of business property (approx. $4500.00).


## Count II: Breach of Contract (Part B) – Business Personal Property ("Computer Equipment") Loss

36. Aforesaid clauses 1 to 35 are repeated and incorporated herewith.

37. Legal Standards (supplemental for this Count):

    a.  Clause 28 (emphasis: Clauses 28a-b) is incorporated and repeated herewith.

    b.  Breach of Contract for Property Loss where Property is Content (in Count I),
        and where Property is Computer Equipment (this Count) are identical.

    c.  Plaintiff ("Bhattacharya") is an *insured* party per HISCOX Policy, having
        transacted relating to the line of business for NSR LLC.

38. Background (underlying reasons) for the loss are (including, but not limited to):

    a.  Plaintiff purchased computer equipment(s) for sole usage at NSR LLC office;

    b.  Mid-2017: The said computer equipment(s) were stolen from NSR LLC office;

39. Cash value evidence for the loss is supported by (including, but not limited to): Wire

Transfer to the computer and equipment seller by Plaintiff, in the amount approximately US $4500.00.

40. The type of loss is Business Personal Property of computer equipment (servers, desktop, laptop, printer, modem, router, cable etc).

41. Coverage territory is affirmed per HISCOX Policy language (see Policy Clause 4-c(1), page 13 of 16), which states "*Goods or products made or sold by you in the territory described in Paragraph **a**. above*" [which is the USA geo]. These computer equipment(s) were indeed used to sell merchandise to various USA locations.

42. This type of loss is covered in (at least) one place of the HISCOX Policy, per policy language:

   a. **Coverage D - Supplemental Business Personal Property Coverage Floater, Definition** – Clause #2

43. Findings of Facts (FoF): The below listed FoF items (including, but not limited to) substantiate this loss:

   a.  Plaintiff's wire transfers, as payment to computer equipment seller / supplier.

   b.  Office manager statement that these computer equipment(s) have been stolen.

44. **Insurer's Wrongful Denial**: HISCOX denial letter (for this coverage) made no reference to this matter, and entirely failed to investigate.

45. Remedy requested, to be determined during trial, including but not limited to the total of loss of business property (approx. $4500.00).

## Count III: Breach of Contract (Part C) – Merchant Account Loss

46. Aforesaid clauses 1 to 45 are repeated and incorporated herewith.

47. Legal Standards (supplemental for this Count):

    a.  Clause 28 (emphasis: Clauses 28a-b) is incorporated and repeated herewith.

    b.  Plaintiff ("Bhattacharya") is an *insured* per HISCOX Policy, having transacted relating to the line of business for NSR LLC.

    c.  Pursuant to ARS 13-1802 (G) the current matter is a Class 2 felony, for which Plaintiff seeks civil remedy.

    d.  Coverage of Business Property loss (also **tangible property**, such as money in Bank Accounts) due to theft is well settled for Business Insurance Contracts. See *Lansing Sound Inc v. National Fire Insurance Co of Pittsburgh, No 84-6630, 801 F.2d 1560 (9th Cir. 1986)*.

48. Background (underlying reasons) for the loss are (including, but not limited to):

    a.  NSR LLC customers paid into the Credit Card processor's account, who in turn stole money before depositing into Merchant Accounts of NSR LLC.

    b.  The **theft was of three categories** (discovered during May / June 2018):

        i.  **Theft Category 1**: Cash stolen as discrepancy between what the credit card processor reported to IRS versus what was actually paid to Plaintiff's bank. This is a simply demonstrable arithmetic fraud, by **comparing the IRS records with Plaintiff's bank records.**

        ii.  **Theft Category 2:** Cash stolen by hiding Plaintiff's sales, accidentally

disclosed on a later date. It is demonstrated by showing **new sales items that accidentally surfaced up on a later date from the Credit Card Processor's records,** previously hidden and unpaid to Plaintiff.

    iii.  **Theft Category 3:** Cash stolen due to the discrepancy between industry standard dispute resolution and the 100%-dispute-resolved against Plaintiff accounting adopted by the credit card processors. Theft is demonstrated **by all-100% chargebacks resolved against Plaintiff,** in comparison to Credit card (Visa, MasterCard) industry standard (to be presented during Discovery and trial) for chargeback dispute being around 92~93% (7~8%) in favor of Business (end consumer).

    c.  Discovery date for these three categories of theft are post May 2018.

    d.  Theft occurred from Plaintiff's and NSR LLC's bank account, due to failure (by credit card processor, amongst others) to submit customer payments to the respective bank accounts.

49. Cash value evidence for the loss is supported by (including, but not limited to): Credit card swipe data vis-à-vis chargeback records, withdrawals from NSR LLC Merchant Accounts in the amount in excess of US $45,000.00.

50. The type of loss is Business Personal Property loss of Merchant Account funds.

    a.  Plaintiff provided personal guarantee to the Merchant Accounts, at the time of formation of Credit Card Processing Agreement.

    b.  Loss (due to theft) incurred in the Merchant Accounts is a loss of Plaintiff.

51. Coverage territory is affirmed per HISCOX Policy language (see Policy Clause 4-c(1), page 13 of 16), which states "*Goods or products made or sold by you in the territory described in Paragraph a. above*" [which is the USA geo]. The Merchant Accounts were all within USA geo locations.

52. **Insurer's Wrongful Denial**: HISCOX denial letter failed to discuss this matter and made no investigation thereof. Insurer's denial is *entirely absent.* Plaintiff reported this loss to HISCOX combined with Count IV.

53. Findings of Facts (FoF): The below listed FoF items (including, but not limited to) substantiate this loss:

    a.   IRS reported income records;

    b.   Additional sales records accidentally discovered during 2018;

    c.   Credit Card Swipe Data, Authorization Codes;

    d.   Chargeback records; All 100% chargebacks determined against Plaintiff

54. This type of loss is covered in (at least) one place of the HISCOX Policy:

    a.   **Coverage A** – Bodily Injury and **Property Damage Liability**; **Insuring Agreement**: [page 1 of 16]; **Exclusion**: [Clause j, page 4 of 16]; **Definitions**: [Clause 17, page 15 of 16];

    b.   Policy language (see Clause 17 in page 21 of 51) and property definition having only one exclusion listed as: *electronic data*.

    c.   Bank Account, Money, Securities are not listed as exclusion.

    d.   Insurance is a contract of adhesion. Ambiguity always favors insured.

e.  Money is Bank Account is well settled as tangible property, per accounting standards.

f.  Furthermore, Business Insurance coverage of money in Bank Accounts, etc related theft (extending the same coverage for tangible properties) are well settled, see precedent: *Lansing Sound Inc v. National Fire Insurance Co of Pittsburgh, No 84-6630, 801 F.2d 1560 (9th Cir. 1986)*.

55. Remedy requested, to be determined during trial, including but not limited to the total of loss of Merchant Account (approx. $45,000.00).

## Count IV: Breach of Contract (Part D) – Failure to Duty to Defend

56. Aforesaid clauses 1 to 55 are repeated and incorporated herewith.

57. Legal Standards (supplemental for this Count):

a.  Clauses 28a-b are incorporated and repeated herewith specific to the timeline of commence of this civil action.

b.  Plaintiff ("Bhattacharya") is an ***insured*** per HISCOX Policy, having transacted relating to the line of business for NSR LLC.

c.  Elavon lawsuit sued Plaintiff ("Bhattacharya") as an individual.

    i.  Plaintiff was sued personally and has a direct right to loss recovery, in addition to the loss recovery rights for NSR LLC (due to the assignment).

d.  Duty to Defend the insured is a contractual requirement in the HISCOX policy.

e.  See [1] *Nucor Corporation v. Employers Insurance Co of Wausau and Hartford,*

*231 Ariz. 411 (Ariz.App. Div. 1 2012), 296 P.3d 74,* [2] *Desert Mountain Properties Limited Partnership v. Liberty Mutual Fire Insurance Co., 225 Ariz. 194 (Ariz.App. Div. 1 2010), 236 P.3d 421* as precedents for Failure to Duty to Defend for Property Loss in an insurance contract.

    f.   See *Lansing Sound Inc v. National Fire Insurance Co of Pittsburgh, No 84-6630, 801 F.2d 1560 (9th Cir. 1986)* that sets **money in Bank Accounts, Trusts, Merchant Accounts etc as legitimate property**.

    g.   Federal Arbitration Act, 1925, for credit card chargeback arbitration.

    h.   Public Citizen, Sept 2007, "How credit card companies ensnare consumers", **Public Citizen's Congress Watch,** http://www.citizen.org

58. Background (underlying reasons) for the loss are (including, but not limited to):

    a.   NSR LLC customers paid into the Merchant Accounts of NSR LLC.

    b.   Credit Card processor companies denied chargeback all 100% against Plaintiff;

    c.   The credit card industry standard for chargeback dispute is generally around 92~93% in favor of Business and only 7~8% in favor of the end consumer.

    d.   This is in outrageous contrast to the all 100% denial against Plaintiff.

    e.   NSR LLC closed Merchant Account and walked away with proceeds.

    f.   April 2018: Later, Merchant Account jurat entity (Elavon) sued NSR LLC for breach of contract, for a fake and frivolous amount.

    g.   May 2018: NSR LLC presented the Complaint to HISCOX promptly. HISCOX denied coverage.

h.  October 2018: NSR LLC defended itself, and received a low cost settlement by virtue of the (lack of) merit of the case.

59. Findings of Facts (FoF): The below listed FoF items (including, but not limited to) substantiate this loss:

  a.  Elavon's Civil Complaint and NSR LLC Answer;

  b.  Settlement Check copy; Attorney Fee Receipt; Court Cost Receipts;

60. **Insurer's Wrongful Denial**: Justifications alleged in HISCOX denial letter (for this coverage), and deficiencies in the said justifications are (including, but not limited to):

  a.  **HISCOX Allegation**: HISCOX denial letter alleged "no property damage".

  b.  **Deficiency in HISCOX Allegation**: HISCOX **did not consider cash (in Merchant Account) as Property**; See _Lansing Sound Inc v. National Fire Insurance Co of Pittsburgh, No 84-6630, 801 F.2d 1560 (9th Cir. 1986)_ which well settles the coverage of theft of tangible property (such as money in Bank Accounts) in business insurance.

61. The type of loss is in Liability section of HISCOX policy and is covered in (at least) one place of the HISCOX Policy, per policy language:

  a.  **Coverage A** – Bodily Injury and **Property Damage Liability; Insuring Agreement**: [page 1 of 16];

62. Cash value evidence for the loss is supported by (including, but not limited to):

  Settlement check, attorney fees, and court costs, totaling approximately US $3000.00.

63. Other consequential damages include emotional distress (for having to defend against a

Amended Complaint – 21

fake or frivolous lawsuit), tarnished reputation (for having to be engaged in a civil

lawsuit), loss of time (taken from other gainful professional engagements).

64. Remedy requested, to be determined during trial, including but not limited to the total

of loss of Merchant Account (approx. $45,000.00).

## Count V: Bad Faith (Part A) – Failure to Investigate

65. Aforesaid clauses 1 to 64 are repeated and incorporated herewith.

66. Legal Standards (supplemental for this Count):

    a.   Per *Noble v. National American Life Insurance Company, 128 Ariz. 188, 624 P.2d 866 (1981),* failure to thoroughly investigate the claim is sufficient to demonstrate bad faith.

    b.   Plaintiff exercises his rights to loss recovery, originating from Plaintiff's rights to loss recovery from the underlying Counts II, III and IV.

    c.   Plaintiff also exercises his rights originating from recovery of NSR LLC's loss (for Count I), the said loss (of NSR LLC) having been assigned to Plaintiff.

67. **Insurer's Wrongful Denial**: HISCOX conduct for the above stated Counts are as follows, first summarized in the below table and then elaborated in Clauses 67a – d.

| Count & Title | HISCOX Conduct (Bad Faith Test – Part A) |
| --- | --- |
| I. Property Theft (Auto Parts) | Failed to conduct any investigation |
| II. Computers and Equipment Theft | Did not even address the matter in denial letter. |
| III. Merchant Bank Account | Did not even address the matter in denial letter. |

Amended Complaint – 22

| Theft | |
|---|---|
| IV. Failure to Duty to Defend | Failed to investigate the Bank Accounts theft; Did not consider money in Bank Account as tangible Property; Denied on previously ruled issue. |

a. **Count I (Property Theft) – HISCOX failed to conduct any investigation.**

    i.   Plaintiff provided details of vendor contacts, as well as customer details.

    ii.   HISCOX made no due diligence to contact either the vendor or the customers to determine who is the telling the truth – were the auto parts indeed shipped (i.e., customers are lying) or is the vendor lying after having sent a written declaration (to NSR LLC) that the auto parts were sent.

    iii.   Plaintiff provided the (Indian) passport details of vendor contact. HISCOX made no effort to engage an insurance investigator to criminally investigate.

    iv.   Instead, HISCOX adopted a foregone conclusion that these auto parts are not business personal property.

    v.   Indeed, if these auto parts are not business personal property, then according to HISCOX are they personal property (if so, Mr. Bhattacharya's Homeowner's insurance ought to cover it).

b. **Count II (Computers and Equipment Theft) – HISCOX did not address.**

c. **Count III (Theft from Bank Account) – HISCOX did not address.**

    i.   Indeed, a Merchant Account bank, who is making NSR LLC liable for all 100% of the chargeback disputes (in striking contrast to industry standard

Amended Complaint – 23

where approx. 7~8% of the chargeback disputes are ruled against the business) should be investigated for accounting fraud.

ii. Likewise, a Merchant Account reporting a grossly different income to IRS is another accounting fraud instance.

iii. HISCOX failed to engage an insurance investigator to investigate Elavon and NMI (the two business entities that provided Merchant account credit card processing services to NSR LLC) seeking explanation for the accounting discrepancies.

iv. HISCOX failed to engage an insurance investigator if external (3rd party, 4th party) Civil and Criminal Wrongdoers (CCW) were badmouthing the Plaintiff, possibly with a 1st Amd. Retaliation motive, which were in turn triggering Elavon and/or NMI to unduly influence the chargeback dispute decisions, hold back customer payments, report frivolous statements to IRS, all to the detriment of NSR LLC business proceeds.

1. The said investigation would have likely revealed a Criminal Conspiracy committed by CCW in cooperation of accountants and desk clerks employed by Elavon and/or NMI.

2. The said investigation would also have demonstrated a continued pattern of Civil Rights violation of Bhattacharya, as well as 1st Amd. Retaliation Attack pattern of conduct committed by CCW.

3. The said investigation would have made both CCW, as well as

Amended Complaint – 24

Elavon and NMI accountable and liable for the damages.

v.   Instead of investigations, HISCOX decided to collaborate with these

harmful and retaliatory CCW with great pleasure, and adopted a derisive

(aka. reduction of identity of Bhattacharya) attitude to Bhattacharya

(Plaintiff) and NSR LLC, to unduly deny the claim.

1.   HISCOX investigation would have allowed NSR LLC to continue

business operations, instead of employee termination and closure.

Additional damages include emotional distress and business tort.

d.   **Count IV (Failure to Duty to Defend) – HISCOX did not consider**

**Merchant Account as Property, Plus, denied on Previously Ruled Issue**

i.   HISCOX alleged NSR LLC Bank Account theft not to be a Property.

ii.   However, money in Bank Account is covered as tangible property in

Business Insurance. See _Lansing Sound Inc v. National Fire Insurance_

_Co of Pittsburgh, No 84-6630, 801 F.2d 1560 (9th Cir. 1986)._

68. Finding of Facts (FoF): The below listed FoF items (including, but not limited to)

substantiate this loss:

a.   HISCOX Denial Letters

b.   Demonstration of no mention of Counts II and III

c.   Demonstration of no investigation for Counts I and IV.

d.   All FoF items from Counts III and IV.

69. Remedy demanded, to be determined during trial, is not less than US $100,000.

Amended Complaint – 25

## Count VI: Bad Faith (Part B) – Denial of Previously Ruled Issues

70. Aforesaid clauses 1 to 69 are repeated and incorporated herewith.

71. Legal Standards (supplemental for this Count):

    a.  Per *Noble v. National American Life Insurance Company, 128 Ariz. 188, 624 P.2d 866 (1981)*, denial of a previously ruled (as covered) issue claim is sufficient to demonstrate bad faith.

    b.  Plaintiff exercises his rights to loss recovery, originating from Plaintiff's rights to loss recovery from the underlying Counts II, III and IV.

    c.  Plaintiff also exercises his rights originating from recovery of NSR LLC's loss (for Count I), the said loss (of NSR LLC) having been assigned to Plaintiff.

72. **Insurer's Wrongful Denial**: HISCOX conduct for the above stated Counts are summarized in the below table and then detailed in Clauses 72a – 72b, respectively.

| Count & Title | HISCOX Conduct – Bad Faith Test (Part B) |
|---|---|
| I. Property Theft (Auto Parts) | Business Property Theft is a covered loss per Precedent. HISCOX violated previously ruled issue. |
| II. Computers and Equip. Theft | Business Property Theft is a covered loss per Precedent. HISCOX violated previously ruled issue. |
| III. Merchant Bank Account Theft | Merchant Account is Property per precedent. Theft from Merchant Account is Business Property Theft. HISCOX violated previously ruled issue. |
| IV. Failure to Duty to Defend | Property Theft related lawsuit Duty to Defend is well settled as covered in precedent; Plus, Merchant Account is Property per precedent. HISCOX violated previously ruled issue. |

Amended Complaint – 26

1

2    a. **Count I – Business Property Theft Previously Ruled as Covered**.

3        i.   Coverage of Business Property loss (tangible property) due to theft is well

4             settled for Business Insurance Contracts. See [1] *Winters v State Firm, 73*

5             *F.3d 224 (9th Cir. 1995)*; [2] *Sophia Brulee v. Midvale Indemnity Co.,*

6             *No. 1:17-cv-01434 JLT, US District Court, E.D. California, Nov 5,*

7             *2018,* [3] *Patterson v. American Economy Insurance Co, No. 1:14-cv-*

8             *01281-EPG, U.S. District Court, E.D. California, June 9, 2016*.

9

10       ii.  Yet, HISCOX denied the claim, contradicting the previously ruled issues.

11

12   b. **Count II - Computers and Equipment Theft Previously Ruled as Covered**.

13       i.   Precedents same as with Count I.

14       ii.  Yet, HISCOX denied the claim, contradicting the previously ruled issues.

15

16   c. **Count III – Tangible Property (Money in Bank Account) Theft Previously**

17      **Ruled as Covered**

18       i.   Coverage of Business Property loss (**tangible property**, such as money

19            in Bank Accounts) due to theft is well settled for Business Insurance

20            Contracts. See *Lansing Sound Inc v. National Fire Insurance Co of*

21

22            *Pittsburgh, No 84-6630, 801 F.2d 1560 (9th Cir. 1986)*.

23       ii.  Of course, coverage of Business Property theft is well settled as well,

24            see references for Count I, repeated and incorporated herewith.

25

26       iii. Yet, HISCOX denied the claim, contradicting the previously ruled issues.

27

    **d. Count IV – Property Theft Duty to Defend Previously Ruled as Covered +**

    **Tangible Property (Money in Bank Account) Previously Ruled as Property**

        **i.** For Failure to Duty to Defend for Property see [1] *Nucor Corporation v.*

        *Employers Insurance Co of Wausau and Hartford, 231 Ariz. 411*

        *(Ariz.App. Div. 1 2012), 296 P.3d 74,* [2] *Desert Mountain Properties*

        *Limited Partnership v. Liberty Mutual Fire Insurance Co., 225 Ariz. 194*

        *(Ariz.App. Div. 1 2010), 236 P.3d 421.*

        **ii.** For Bank Accounts to be Property per Business Insurance see *Lansing*

        *Sound Inc v. National Fire Insurance Co of Pittsburgh, No 84-6630, 801*

        *F.2d 1560 (9th Cir. 1986).*

        **iii.** Yet, HISCOX denied the claim, contradicting the previously ruled issues.

73. Finding of Facts (FoF): The below listed FoF items (including, but not limited to) substantiate this loss:

    a. HISCOX Denial Letters

    b. Counts I, II, III and IV being covered per previously ruled precedents.

    c. All FoF items from Counts III, IV and V.

**74.** Remedy demanded, to be determined during trial, is not less than US $100,000.

## Count VII: Punitive Damage

75. Aforesaid clauses 1 to 74 are repeated and incorporated herewith.

76. Legal Standards (supplemental to this Count):

Amended Complaint – 28

a. Clauses 26, 28a, 28b are incorporated and restated.

b. Plaintiff exercises his rights to loss recovery, originating from Plaintiff's rights to loss recovery from the underlying Counts II, III and IV.

c. Plaintiff also exercises his rights originating from recovery of NSR LLC's loss (for Count I), the said loss (of NSR LLC) having been assigned to Plaintiff.

d. Burden of proof for punitive damages is *clear and convincing* evidence. *Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 723 P.2d 675 (1986).

e. *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565 (1986)

   i. *"Plaintiff can prove the punitive damage case by inference and with circumstantial evidence"*.

   ii. Evil mind which will justify the imposition of punitive damages may be manifested in either of two ways.

      1. Defendant intended to injure the plaintiff.

      2. Defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.

77. Finding of Facts (FoF): The below listed FoF items (including, but not limited to) substantiate this loss:

a. HISCOX Denial Letters

b. **Insurer's Wrongful Denial**: Facts to be established by Bhattacharya's testimony during trial, regarding meeting Tests 1 and 2 of the Punitive Damage (see clauses 78, 79 below). Plaintiff alleges and will present evidence during trial to meet and exceed this test, per clear and convincing evidentiary standard.

Amended Complaint – 29

| Punitive Damage Test | Evidences (3 Direct Evidences, 6 Circumstantial Evidences) |
|---|---|
| **Test 1:** Insurer consciously pursued a course of conduct knowing it created a substantial risk of harm to Plaintiff and others | **3 Direct and Material Evidences** presented:<br><br>1. HISCOX failed to investigate why all 100% chargeback were ruled against the Business, when Industry standard is only 7~8%. Failure to investigate led to theft from business bank account.<br><br>2. HISCOX failed to investigate auto-parts theft. Failure to investigate led to closure of credit card processing ability of business, shut down of revenue stream, and closure of business.<br><br>3. HISCOX failed to defend Plaintiff and NSR LLC in the lawsuit filed by Elavon. Elavon consciously decided not to defend Plaintiff and NSR LLC, ensuring Plaintiff and NSR LLC were forced to defend the lawsuit on their own. |
| **Test 2:** Insurer intended to injure Plaintiff. | **6 Circumstantial Evidences** presented:<br><br>1. HISCOX was conspiring with 3rd party (CCW) to inform opposing counsel disclosing which date/time Bhattacharya would come home, so as to serve legal papers easily.<br><br>2. HISCOX was conspiring with 3rd party (CCW) to send several people to co-ride in the same airplane to make mockery of Bhattacharya, fully knowing that upon return home Bhattacharya would get served with the Elavon lawsuit legal papers. Text book example of insane hatred and jealousy documented and |

evidenced.

3. HISCOX and its co-conspirator (CCW) were street loitering in Lincoln, NE, near an attorney office building making mockery of Bhattacharya immediately after conniving with the vendor to run away with Bhattacharya's money.

4. HISCOX was actively in cooperation with Elavon, much prior to the Elavon lawsuit commence, even to the extent tha HISCOX counsel knew what settlement offer Plaintiff offered to Elavon desk clerk more than a year before the Elavon lawsuit commenced, and why Elavon refused to respond to the said settlement offer.

5. HISCOX and its co-conspirator (CCW) were calling NSR LLC's past customers, bad mouthing and manufacturing contrived customer money back refund claims.

6. HISCOX and its co-conspirator (CCW) were threatening Bhattacharya to prosecute using some "fictitious" Dept of Labor laws, where a sales person is asked to work 8-hours per day.

78. **Punitive Damage – Test 1**: Defendant (Insurer) consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others (including but not limited to Plaintiff).

   a. *Direct Evidence 1:* Defendant (Insurer) consciously elected not to investigate Bank Account theft committed by the Credit Card processors, Elavon and NMI. When 100% of the chargeback disputes were made against Plaintiff, contrary to expected industry standard 7~8%, any accountant investigator would have

Amended Complaint – 31

marked it as a theft. Likewise, when IRS reported income and bank reported deposits grossly differ, evidence of an accounting fraud is obvious.

    i. Consequence of not investigating this theft led to significant harm to NSR LLC: (i) revenue pipeline stoppage for NSR LLC, (ii) shut down of the business operation, (iii) employee layoff.

  b. *Direct Evidence 2:* Defendant (Insurer) consciously elected not to investigate the auto parts delivery related theft committed by the 3rd party vendor. Vendor's stated having sent the auto parts, while customer denied receipt. HISCOX investigation would have revealed which party is lying and prevented large number of chargebacks. Lack of any investigation by HISCOX led to significant harm to NSR LLC. Furthermore, Plaintiff had to personally reimburse customers for non-receipt of the auto parts, incurring personal loss.

  c. *Direct Evidence 3:* Defendant (Insurer) consciously elected not to defend Plaintiff and NSR LLC in the civil lawsuit filed by Elavon (April 2018). Because the lawsuit was fake and frivolous (lacked substance), Plaintiff and NSR LLC did eventually settle this lawsuit in favorable terms. However, Plaintiff was required to go through the lawsuit, causing stress, anguish, personal workload, attorney consultation fee, court costs – all of which (a great deal of harm) HISCOX consciously imposed onto Plaintiff and NSR LLC.

79. **Punitive Damage – Test 2**: Defendant intended to injure the Plaintiff.

  a. *Circumstantial Evidence 1*: Elavon lawsuit was filed on or around April 4th

(2018) but not served by US Mail until on or around April 28th, precisely a day before Bhattacharya randomly scheduled to visit Phoenix from New York City. A question remains, as how did the opposing counsel in Elavon lawsuit came to know Bhattacharya's precise travel plans (to serve Bhattacharya by mail without any miss), unless certain Civil and Criminal Wrongdoers (CCW) who may have access to Bhattacharya's email, credit card transactions, air ticket purchases were actively in consultation and cooperation with Elavon's counsel.

b. ***Circumstantial Evidence 2:*** Elavon lawsuit was filed as a retaliatory conspiracy by CCW with HISCOX. During the late-April 2018 flight from NYC to Phoenix (when the Elavon lawsuit was filed but Bhattacharya did not know about it) Bhattacharya was followed by a group of plain clothes civilian type people (all middle to late age male Caucasian, and one family [husband, wife and a small child] with provincial root from Southern part of India), watching face, with unusual alert expressions, making subtle mockery of Bhattacharya. Bhattacharya wondered sitting in the airplane what the fuss was all about, and then Bhattacharya reached his home to check his mailbox to realize what the fuss was indeed all about.  Ironically, the Elavon lawsuit did not do too well, but nevertheless the retaliatory conduct is documented and evidenced. Failure of HISCOX duty to defend fits the pattern of this retaliatory conduct.

c. ***Circumstantial Evidence 3:*** The 3rd party vendor's (from Bangalore, India) conduct to outright defraud Plaintiff (by promising to send auto-parts, receive

the ~ $6844 wire transfer and run away) was provoked or possibly contrived

with an active cooperation by CCW operating in close contact with HISCOX.

During Nov/Dec 2016, when Plaintiff contacted a Lincoln, NE attorney to

review HISCOX claims, a large number of "street-operative" type hooligans

were loitering, making mockery near the elevator of the attorney's office. It was

fairly obvious that these hooligans (street-criminals) knew everything about

Plaintiff's loss and were enjoying the incident, quite possibly having

manufactured the incident on their own by an act of conspiracy.

d. ***Circumstantial Evidence 4:*** During May 2018 when Plaintiff attempted to

provide HISCOX with a copy of the Elavon lawsuit complaint, strangely: [1] the

HISCOX policy provided claim reporting email address started bouncing, as an

incorrect email address. [2] attorney's email address from HISCOX (previously

corresponded with Plaintiff during 2017 claim denials) also bounced. A ghost

middle-person was interrupting Plaintiff's outgoing emails to HISCOX to

manufacture email bounce and obstruct the claim submission. Then, Plaintiff

telephoned the HISCOX attorney from the phone number provided previously

and it worked. Next, while describing the Merchant Account funds theft, the

attorney made a comment that Plaintiff's 50%-meet-in-the-middle proposal with

Elavon was not accepted because of high-risk nature of business. But, Plaintiff

had not provided this information to the HISCOX attorney. Somehow, the

HISCOX attorney was fully aware of what settlement proposal Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

provided to Elavon's desk clerk 1 year before. HISCOX was receiving a lot of information about Elavon unknown to Plaintiff. These circumstantial evidences indicated that HISCOX was in close cooperation with Elavon much, much prior to the Elavon lawsuit commence, with a harmful intent to Plaintiff.

e. **_Circumstantial Evidence 5:_** A specific sales person of NSR LLC (*John Dishonest Doe* [*JDD*]) who was paid his sales commission was caught red handed with embezzlement. Upon embezzlement discovery, by some ghostly coincidence NSR LLC paying customers (who were completely unrelated to *JDD*) from several months back, suddenly triggered credit card chargebacks. It was fairly obvious that CCW, who may have had Plaintiff's email and phone access and access to all sales data were making black phone calls to past paying customers of NSR LLC, to bad mouth and provoke money refund claims.

f. **_Circumstantial Evidence 6:_** Another specific sales person of NSR LLC (*John Lazy Doe* [*JLD*]), who was asked to select **_any_** 8-hour shift refused to work. During this time, suddenly Plaintiff (Bhattacharya) received a threat of prosecution via ugly hallway slurs at his workplace building (Lincoln, NE). It was fairly obvious that *JLD*'s scam of earning a salary and sales commission without doing any work was concocted by CCW as a retaliatory tactic. When Bhattacharya opposed, CCW was conspiring a threat of prosecution (mis-)using Dept of Labor laws claiming unfair labor condition. It was unclear as to which DoL laws were potentially violated. The ugly hallway slurs discontinued within

a few days, nevertheless the matter was documented and evidenced.

80. Plaintiff reserves the right to testify upon consultation with personal notebook, and demonstrate how fragments of conversation with Defendant's attorney accidentally and coincidentally revealed allusions to private/personal space issues of Plaintiff. These circumstantial evidences further establish active cooperation and conspiracy with 3rd party external CCW, all to the planned harm to Plaintiff.

81. The proof standard for Punitive Damage is *Clear and Convincing*. Circumstantial evidence can indeed be used, as is cited in Clauses 79 and 80.

**82.** Because in the current matter HISCOX actively collaborated with CCW, with a larger scale harmful conduct towards Bhattacharya, and furthermore because several federal laws (e.g., to 1st Amd Retaliation, and Civil Rights) are violated, Plaintiff demands a higher than average punitive damage award. Remedy requested, to be determined during trial, not less than 5 times the cumulative of the restitutions demanded for Counts I to VI, a sum not less than US $1.5M. Plaintiff reserves the right to supplement, or amend the restitution amount during Discovery and Trial.

## Count VIII: Personal Injury

83. Aforesaid clauses 1 to 82 are repeated and incorporated herewith.

84. Legal Standards (supplemental to this Count):

    a.  Personal Injury damages as permissible recovery in Breach of Contract actions

    b.  Damages include, but are not limited to, general damages and special damages

Amended Complaint – 36

85. Bhattacharya suffered economic loss directly related to the breach of contract and Insurer's wrongful denial.

86. Furthermore, Bhattacharya suffered emotional distress, loss of morale, pain, insult, undesired confrontation and other consequential damages due to the loss of business, loss of personal relationships with suppliers, colleagues and collaborators.

87. Personal injury compensation is to be determined during trial, not less than US$ 200,000.

## Count IX: Business Tort

88. Aforesaid clauses 1 to 87 are repeated and incorporated herewith.

89. Legal Standards (supplemental to this Count):

    a.   Business Tort arising out of (including, but not limited to): Breach of Fiduciary Duty, Tortious Interference and Breach of Contract.

    b.   Economic Loss Doctrine, where Property damage has indeed occurred.

    c.   Common law economic tort.

90. Due to the theft and credit card operations shut down (i.e., revenue pipeline closed), NSR LLC had to shut down operations, close office space, layoff employees and refund customer payments. Credit Card processor companies embezzled, falsified customer payments (financial records and statements) to damage NSR LLC operations.

91. Loss incurred due to Insurer's wrongful denial includes, but are not limited to,

    a.   Forfeiture of office rental deposit; Forfeiture of office furniture;

    b.   Employee layoff and severance payment;

c.   Customer payments refund; Brand name damages to the NSR LLC;

92. NSR LLC has assigned the loss to Bhattacharya (as individual) who seeks restitution.

93. The exact amount of business tort compensation is to be determined during trial, not

less than US$ 300,000.00.


In consideration of the foregoing, Plaintiff respectfully submits this Complaint

with the relief request from each one of the Counts I – IX, and any other relief that the

Court may consider just plus any other relief that may become relevant during the

course of the trial and associated discovery.


RESPECTFULLY SUBMITTED this 22nd day of March, 2019.

(S. Bhattacharya, Plaintiff)


I certify that I served this Complaint and Summons on this ____ day of March, 2019 to

HISCOX Insurance Company Inc., at Arizona Department of Insurance, 100 N 15th

Avenue, Suite 102, Phoenix, AZ 85007.

Amended Complaint – 38

# Exhibit 7

**ARIZONA DEPARTMENT OF INSURANCE**
100 North 15th Avenue, Suite 102
Phoenix, Arizona 85007-2624



CERTIFIED MAIL®

7018 0680 0002 0425 3811

Hiscox Insurance Company Inc.
C/o Corporation Service Company
2338 W. Royal Palm Rd., J.
Phoenix AZ 85021
CV2019-052190

# Exhibit 8

Skip To MainContent

[ Search ]

Civil Court Case Information - Case History

# Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2019-052190 | Judge: | Cohen, Bruce |
| File Date: | 2/20/2019 | Location: | Northeast |
| Case Type: | Civil | | |

# Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Sourav Bhattacharya | Plaintiff | Male | Pro Per |
| Hiscox Insurance Company | Defendant | | Pro Per |

# Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 4/5/2019 | AFS - Affidavit Of Service | 4/9/2019 | |
| **NOTE:** HISCOX INSURANCE COMPANY INC | | | |
| 3/22/2019 | CSH - Coversheet | 3/25/2019 | |
| **NOTE:** AMENDED | | | |
| 3/22/2019 | NJT - Not Demand For Jury Trials | 3/26/2019 | Plaintiff(1) |
| **NOTE:** AMENDED | | | |
| 3/22/2019 | CCN - Cert Arbitration - Not Subject | 3/26/2019 | Plaintiff(1) |
| **NOTE:** AMENDED | | | |
| 3/22/2019 | AMC - Amended Complaint | 3/26/2019 | Plaintiff(1) |
| 2/20/2019 | COM - Complaint | 2/22/2019 | Plaintiff(1) |
| 2/20/2019 | CSH - Coversheet | 2/22/2019 | Plaintiff(1) |
| 2/20/2019 | NJT - Not Demand For Jury Trials | 2/22/2019 | Plaintiff(1) |
| 2/20/2019 | CCN - Cert Arbitration - Not Subject | 2/22/2019 | Plaintiff(1) |

# Case Calendar

**There are no calendar events on file**

# Judgments

**There are no judgments on file**

# Exhibit 9

In the Superior Court of the State of Arizona

In a~~rt Earth County of~~_____

Cas~ **CV2019-052190**

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Is Interpreter Needed?  ☐  Yes

If yes, what language(s):

CHRIS DEROSE, CLERK
BY ☒ ~~MB~~  DEP
J. FOLTS, FILED
**2019 FEB 20  PM 3: 1 |**

Plaintiff's Attorney _____

Attorney Bar Number _____

| Plaintiff's Name(s):  (List all) | Plaintiff's Address: | Phone #: | Email Address: |
|---|---|---|---|
| Sourav Bhattacharya | 13418 N Clifftop Drive, Fountain Hills, AZ 85268, | (480) 321-9563 | sourav_az@yahoo.com |

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s):  (List All)
HISCOX Insurance Company, DOE Individuals I-X, Black Corporations I-X, Green Partnerships I-X

(List additional Defendants on page two and/or attach a separate sheet)

## RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an **"X"** next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☒ Amount Claimed $ 1,797,000          ☐ Tier 1     ☐ Tier 2     ☒ Tier 3

## NATURE OF ACTION

Place an **"X"** next to the **one** case category that most accurately describes your primary case. **Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected as indicated above.**

### 100 TORT MOTOR VEHICLE:

☐ 101 Non-Death/Personal Injury*

☐ 102 Property Damage*
☐ 103 Wrongful Death*

## 110 TORT NON-MOTOR VEHICLE:

- [ ] 111 Negligence*
- [ ] 112 Product Liability – Asbestos*
- [ ] 112 Product Liability – Tobacco*
- [ ] 112 Product Liability – Toxic/Other*
- [ ] 113 Intentional Tort*
- [ ] 114 Property Damage*
- [ ] 115 Legal Malpractice*
- [ ] 115 Malpractice – Other professional*
- [ ] 117 Premises Liability*
- [ ] 118 Slander/Libel/Defamation*
- [ ] 116 Other (Specify) BAD FAITH *

## 120 MEDICAL MALPRACTICE:

- [ ] 121 Physician M.D.*
- [ ] 123 Hospital*
- [ ] 122 Physician D.O*
- [ ] 124 Other*

## 130 & 197 CONTRACTS:

- [ ] 131 Account (Open or Stated)*
- [ ] 132 Promissory Note*
- [ ] 133 Foreclosure*
- [ ] 138 Buyer-Plaintiff*
- [ ] 139 Fraud*
- [x] 134 Other Contract (i.e. Breach of Contract)*
- [ ] 135 Excess Proceeds-Sale*
- [ ] Construction Defects (Residential/Commercial)*
    - [ ] 136 Six to Nineteen Structures*
    - [ ] 137 Twenty or More Structures*
- [ ] 197 Credit Card Debt (Maricopa County Only)*

## 150-199 OTHER CIVIL CASE TYPES:

- [ ] 156 Eminent Domain/Condemnation*
- [ ] 151 Eviction Actions (Forcible and Special Detainers)*
- [ ] 152 Change of Name
- [ ] 153 Transcript of Judgment
- [ ] 154 Foreign Judgment

- [ ] 158 Quiet Title*
- [ ] 160 Forfeiture*
- [ ] 175 Election Challenge
- [ ] 179 NCC-Employer Sanction Action (A.R.S. §23-212)
- [ ] 180 Injunction against Workplace Harassment
- [ ] 181 Injunction against Harassment
- [ ] 182 Civil Penalty
- [ ] 186 Water Rights (Not General Stream Adjudication)*
- [ ] 187 Real Property *
- [ ] Special Action against Lower Courts
    (See Lower Court Appeal cover sheet in Maricopa)
- [ ] 194 Immigration Enforcement Challenge
    (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- [ ] Administrative Review
    (See Lower Court Appeal cover sheet in Maricopa)
- [ ] 150 Tax Appeal
    (All other tax matters must be filed in the AZ Tax Court)
- [ ] 155 Declaratory Judgment
- [ ] 157 Habeas Corpus
- [ ] 184 Landlord Tenant Dispute – Other*
- [ ] 190 Declaration of Factual Innocence (A.R.S. §12-771)
- [ ] 191 Declaration of Factual Improper Party Status
- [ ] 193 Vulnerable Adult (A.R.S. §46-451)*
- [ ] 165 Tribal Judgment
- [ ] 167 Structured Settlement (A.R.S. §12-2901)
- [ ] 169 Attorney Conservatorships (State Bar)
- [ ] 170 Unauthorized Practice of Law (State Bar)
- [ ] 171 Out-of-State Deposition for Foreign Jurisdiction
- [ ] 172 Secure Attendance of Prisoner
- [ ] 173 Assurance of Discontinuance
- [ ] 174 In-State Deposition for Foreign Jurisdiction
- [ ] 176 Eminent Domain– Light Rail Only*
- [ ] 177 Interpleader– Automobile Only*
- [ ] 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- [ ] 183 Employment Dispute- Discrimination*

ALL RIGHTS RESERVED

☐ 185 Employment Dispute-Other*

☐ 196 Verified Rule 45.2 Petition

☐ 195(a) Amendment of Marriage License

☐ 195(b) Amendment of Birth Certificate

☐ 163 Other*

_____
(Specify)

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order          ☐ Provisional Remedy          ☐ OSC          ☐ Election Challenge

☐ Employer Sanction          ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

# Exhibit 10

JEFF FINE
Clerk of the Superior Court
By Jessica Folts, Deputy
Date 02/20/2019 Time 15:10:15
Description                        Amount
------- CASE# CV2019-052190 -------
CIVIL NEW COMPLAINT                333.00

TOTAL AMOUNT                       333.00
        Receipt# 27052727

1 Sourav Bhattacharya
  13418 NORTH CLIFF TOP DRIVE
2 FOUNTAIN HILLS, AZ 85268
  PHONE (480) 321 – 9563
3 Plaintiff

4

5 **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

6
  **IN AND FOR THE COUNTY OF MARICOPA**
7

8                                      CV2019-052190

9 Sourav Bhattacharya, a Married Man,          **Breach of Contract, Failure to**
  **Plaintiff**                                **Duty to Defend, Bad Faith,**
10                                             **Punitive Damages**
11            v
                                               **Complaint**
12 HISCOX Insurance Company, DOE Individuals I- **(Jury Trial Requested)**
   X, Black Corporations I-X, Green Partnerships I-X
13 **Defendant**

14

15      Plaintiff complains and alleges against HISCOX Insurance Company ("**HISCOX**"),

16 and DOE Individuals I-X, Black Corporations I-X, Green Partnerships I-X (collectively

17
   referred to as "Defendants") as follows.
18

19      Plaintiff reserves the right to ratify, add, update and clarify Defendants identifies post

20 Discovery, and during the trial as new evidences may surface.

21                          **I.   Parties and Venue**

22
   1. Defendant **HISCOX** is a company conducting business in Maricopa County.
23

24      a.   Defendants Doe Individuals I-X, Black Corporations I-X, and Green

25           Partnerships I-X are individuals and other jurat entities that have caused to acts

26           to occur giving rise to this action. When the true names of these individuals and

27
                              Complaint – 1

1    legal entities are ascertained, their proper names will be substituted by Plaintiff.

2  2. Networks and Security Research LLC ("**NSR LLC**") is an Arizona Limited Liability

3    Corporation who at all relevant times pertinent to the facts alleged herein was doing

4    business in the Maricopa County.

5

6        a.  Sourav Bhattacharya ("**Bhattacharya**") is a married man, maintains a place of

7            residence in Maricopa County.

8        b.  Bhattacharya is a single member manager of NSR LLC.

9

10       c.  NSR LLC has assigned its rights (including, but not limited to, [a] loss, [b] the

11           rights to loss recovery, [c] related duties and [d] transactional responsibilities)

12           for the purposes of this civil action to **Bhattacharya**. The said assignment is

13           recorded with the Maricopa County Recorder.

14 3. HISCOX issued an insurance policy ("**Policy**") to NSR LLC with:

15

16       a.  NSR LLC as **Named Insured**;

17       b.  Pursuant to the **Policy**, Section II-1 (c), *Who is An Insured*, which states

18           [emphasis added]

19

20           i.  *"A limited liability company, you are an insured. Your members are also insureds,*

21               *but only with respect to the conduct of your business. Your __managers are__*

22               *__insureds__, but only with respect to their duties as your managers."*

23           ii. **Bhattacharya** is an **insured**, being a manager of NSR LLC.

24

25 4. **Bhattacharya** is Plaintiff in the current civil action. Plaintiff exercises his rights as 1st

26   party insured, for losses Plaintiff directly incurred or have been assigned to, bringing

27

Complaint – 2

this civil action against Defendant.

    a. For Counts II, III, IV

        i. Plaintiff suffered loss as 1st party insured for which restitution is sought.

            1. Count II (personally paid for computers and equipment for sole usage at NSR LLC office), Count III (adopted personal guarantee in Merchant Accounts), and Count IV (was personally sued by Elavon).

        ii. NSR LLC suffered loss, also as 1st party insured for which the loss (and, rights to loss recovery) is assigned to Plaintiff.

    b. For Count I

        i. NSR LLC suffered loss, as 1st party insured, for which the loss (and, rights to loss recovery) is assigned to Plaintiff.

        ii. Paid from NSR LLC Business Account, which had an additional personal guarantee signature protection from Plaintiff. It may be argued that both Plaintiff (with personal signature guarantee) and NSR LLC, individually and severally suffered loss.

    c. For Counts V, VI, and VII

        i. Loss and rights to loss recovery are related to tort, consequential damages and other consequences from the underlying causes of actions per Counts I, II, III and IV.

        ii. Plaintiff and NSR LLC, individually and severally, each party being 1st party insured with NSR LLC having assigned its loss and loss recovery

1     rights to Plaintiff, seek restitution.

2    d. All loss recovery proceeds, upon recovery, shall be disposed per the HISCOX

3      **Policy** terms & conditions (if any), State of Arizona laws and regulations, and

4      other applicable financial standards.

5 

6 5. This is a civil action over which the Court has original jurisdiction pursuant to A.R.S.

7   12-123. Venue is proper in this Court pursuant to A.R.S. 12-401.

8       **I. Background – General Allegations**

9 

10 6. Aforesaid clauses 1 to 5 are repeated and incorporated herewith.

11 7. NSR LLC started and operated a business offering tele-sales services from 2Q 2016.

12 8. Plaintiff purchased computer equipment(s) (server, desktops, laptop, printer, and other

13   related tangible properties) for NSR LLC office, to be used solely for NSR LLC.

14 9. On Oct 31, 2016 NSR LLC purchased the HISCOX **Policy**.

15 

16   a. Payment for Policy was made by Plaintiff.

17 10. On Nov 1, 2016 NSR LLC and a 3rd party vendor signed an agreement for selling auto

18   parts across USA.

19   a. Per this Agreement NSR LLC wire transferred the 3rd party vendor

20 

21    approximately US$ 6844.00 as a payment for customer shipment of the auto

22    parts, to multiple customers across USA.

23 11. Various dates in Dec 2016, and again on March 14, 2017, 3rd party vendor provided

24   NSR LLC written statement(s) of customer auto parts having been shipped.

25 

26 12. However, on various dates and times during March - April 2017: Customers denied

27 

1  having received the said auto parts.

2  13. Plaintiff and NSR LLC filed a claim to HISCOX. HISCOX denied on Feb 21, 2017.

3  14. During or around April 2017: Customers caused chargebacks to NSR LLC merchant

4     account, causing closure of the credit card processing facilities.

5

6  15. Mid-2017: Computers and other office equipment were stolen from NSR LLC office.

7  16. 2nd and 3rd Quarter of 2017: Plaintiff and NSR LLC provided multiple claim

8     substantiation documents to HISCOX, but HISCOX continued to deny all claims.

9     HISCOX did not investigate any claim.

10

11 17. April 2018: Elavon (one of the Merchant account issuer, via US Bank) filed a civil

12    lawsuit against both Plaintiff and NSR LLC.

13        a.  May 2018: Plaintiff and NSR LLC provided the copy of the Complaint to

14            HISCOX seeking duty to defend coverage. Plaintiff and NSR LLC also claimed

15            HISCOX for property coverage for cash lost with the Merchant Accounts, with

16            Elavon and NMI.

17

18        b.  June 01 2018: HISCOX denied Plaintiff's and NSR LLC's claim for Duty to

19            Defend. HISCOX did not even address the Merchant account cash loss matter.

20

21        c.  Oct 2018: The civil action got resolved on favorable terms to Plaintiff and NSR

22            LLC, due to lack of any substance in Elavon's civil action.

23

24       **II. Legal Standards – Allegations Common to All Counts**

25

26 18. Pursuant to ARS 12-548 six (6) year statutory timeline applies for Breach of (Written)

27

Contract, and two (2) year for Tort, Bad Faith and other consequential damages.

19. Ambiguities in insurance contracts always favors the insured.

    a. See *Sparks v. Republic National Life Ins. Ca., 132 Ariz. 529, 647 P.2d 1127 (1982)*. the court held that the fair debatability of an insurance claim cannot be created by the insurer's reliance on ambiguity in the policy, otherwise "insurers would be encouraged to write ambiguous insurance contracts...".

20. If (**which is an "IF"**) the insurance contract explicitly states (**HISCOX Policy does not**) a shorter timer period than six years (for a Breach of Contract action), then *Zuckerman v. Transamerica Ins. Co., 133 Ariz. 139, 650 P.2d 441 (Ariz. 1982)* established the precedent regarding the timeline of civil action commence.

> *"[W]hile the policy condition shortening the applicable statute is valid...the insurer may be estopped from raising a defense based upon such an adhesive clause where the enforcement of the clause would work an unjust forfeiture. The key factor in the determination of this issue is the question of whether the insurer has shown prejudice by reason of the delay in filing suit. In the absence of such a showing, it is fair to say that the purpose for which the insurer was given permission to insert the clause will not be served by its enforcement."*

21. Pursuant to ARS 13-1802 (G) a theft of over US$25,000 is a Class 2 felony, and a theft between US$4,000 and US$25,000 is a Class 3 felony.

    a. Plaintiff has a right to civil remedy, including but not limited to recovery of the theft amount, and consequential damages.

22. Coverage of **business property loss (tangible property)** due to theft is well settled for Business Insurance Contracts:

    a. See *Winters v State Firm, 73 F.3d 224 (9th Cir. 1995)*, Insurer paid for

Business Properties lost due to theft. "*State Farm adjusted the property loss under the business personal property portion of the policy, paying Winters the actual cash value of the saws, less a deductible.*" District Court concurred the property loss due to theft payment. "*The district court concluded that the business personal property loss provision covers only the value of the property involved.*"

    b. See *Sophia Brulee v. Midvale Indemnity Co., No. 1:17-cv-01434 JLT, US District Court, E.D. California, Nov 5, 2018,* "*On April 4, 2018, Midvale advised it would be issuing a check in the amount of $50, 000 for the Business Personal Property claim*".

    c. See *Patterson v. American Economy Insurance Co, No. 1:14-cv-01281-EPG, U.S. District Court, E.D. California, June 9, 2016.* Regarding theft of merchandise from the business, "*Defendant determined that the theft was a single occurrence under the policy, and paid Plaintiffs $103, 000.00 pursuant to the policy's limits.*"

23. Coverage of **business property loss (intangible property, such as Bank Accounts) due to theft** is well settled for Business Insurance Contracts:

    a. See *Lansing Sound Inc v. National Fire Insurance Co of Pittsburgh, No 84-6630, 801 F.2d 1560 (9th Cir. 1986).* Money (sales commission) paid to employee bank account for fraud sales covered by a business insurance policy.

    b. Furthermore, 14th Amd of the US Constitution ("... *life, liberty and property*...") protects Bank Accounts as Property, equating the Bank Accounts to tangible

Complaint – 7

property. This is as much of a common sense as well. Indeed, the legitimate

owner of a Bank Account can withdraw cash and purchase tangible properties,

such as clothes, books, computers, automobile, real estate property etc. Hence,

no distinction applies between Bank Accounts and tangible properties.

24. Insurer's **duty to defend in a business property loss** is well settled for Business

Insurance Contracts:

    a.  See *Nucor Corporation v. Employers Insurance Co of Wausau and Hartford,*

        *231 Ariz. 411 (Ariz.App. Div. 1 2012), 296 P.3d 74,* "*diminution in the value*

        *of their [homeowners] property because of ... being located above*

        *groundwater containing TCE*", "*The court subsequently found that Wausau*

        *had breached its duty to defend Nucor on the ADEQ claim and granted [296*

        *P.3d 77] Nucor partial summary judgment.*"

    b.  See *Desert Mountain Properties LLP v. Liberty Mutual Fire Insurance Co., 225*

        *Ariz. 194 (Ariz.App. Div. 1 2010), 236 P.3d 421.* "*We hold in this appeal that*

        *commercial general liability policies issued by Liberty Mutual Fire*

        *Insurance Company covered the expenses Desert Mountain incurred in*

        *repairing property damage resulting from the soil settlement. We also affirm*

        *the jury's conclusion that Liberty Mutual was obligated to indemnify Desert*

        *Mountain for those expenses even though none of the homeowners had sued*

        *Desert Mountain over the damage to their homes.*"

25. Insurance Bad Faith:

Complaint – 8

a. Standard for Liability in Arizona: See *Noble v. National American Life Insurance Company*, 128 Ariz. 188, 624 P.2d 866 (1981) (*"absence of reasonable basis for denying policy benefits and insurer's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim"*).

b. Types of insurer conducts that demonstrate unreasonableness (for Bad Faith awards), per Noble precedent include, but are not limited to:

   i. Insurer's failure to conduct a reasonably thorough investigation before denying an insured's claim;

   ii. Insurer's reliance on a policy provision previously ruled invalid

c. Reliance on ambiguous policy provisions is not a defense to a bad faith action. *Sparks v. Republic National Life Ins. Co., 132 Ariz. 529, 647 P.2d 1127 (1982), cert. denied, 459 U.S. 1070 (1982).*

26. Punitive Damages:

a. Punitive damages are restricted to those cases in which the defendant's wrongful conduct is guided by evil motives. *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565 (1986).

   i. *"Plaintiff can prove the punitive damage case by inference and with circumstantial evidence"*.

      1. The jury is not limited to evidence of the defendant's actual subjective intent.

      2. The court recognized in *Rawlings* that in most cases the plaintiff will find it difficult, if not impossible, to prove the requisite evil mind with direct evidence of a subjective intent to harm.

Complaint – 9

3. Accordingly, the plaintiff can prove the punitive damage case by inference and with circumstantial evidence

ii.   The court stated that the evil mind which will justify the imposition of punitive damages may be manifested in either of two ways.

1. It may be found where defendant intended to injure the plaintiff.

2. Defendant did not intend to cause injury but consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.

b. Burden of proof for punitive damages is clear and convincing evidence. *Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 723 P.2d 675 (1986).

# III.   Counts

## Count I: Breach of Contract (Part A) – Business Personal Property ("Content") Loss

27. Aforesaid clauses 1 to 26 are repeated and incorporated herewith.

28. Legal Standards (supplemental this Count):

a.   Pursuant to ARS 12-548 the six (6) year statutory timeline is applicable, Breach of Contract for Business Personal Property (aka. "Content");

b.   HISCOX policy did not have specific provision shortening the statutory timeline;

Complaint – 10

c. See *Zuckerman v. Transamerica Ins. Co.*, 133 Ariz. 139, 650 P.2d 441 (Ariz. 1982). In the current matter, HISCOX claim denial letters (Feb 17, 2017; May 15, 2017; and June 1, 2018), intermittent with Plaintiff's multiple claim correspondences to HISCOX establish a series of just causes for the timeline of filing the current civil action.

    i. New claims were initiated post Feb 21, 2017 denial letter.

    ii. The Duty to Defend in a civil action against Plaintiff was reported to HISCOX in May 2018. HISCOX latest denial letter June 1 2018 is as recent as being within eight (8) months from the filing of this civil action.

    iii. Clearly, HISCOX cannot show a prejudice in the delay in filing the current civil action.

d. Pursuant to ARS 13-1802 (G) the current matter is a Class 3 felony, for which Plaintiff seeks civil remedy.

e. Coverage of Business Property loss (tangible property) due to theft is well settled for Business Insurance Contracts. See [1] *Winters v State Firm, 73 F.3d 224 (9th Cir. 1995)*; [2] *Sophia Brulee v. Midvale Indemnity Co., No. 1:17-cv-01434 JLT, US District Court, E.D. California, Nov 5, 2018*, [3] *Patterson v. American Economy Insurance Co, No. 1:14-cv-01281-EPG, U.S. District Court, E.D. California, June 9, 2016*.

29. Background (underlying reasons) for the loss are (including, but not limited to):

a. Nov 1, 2016: NSR LLC made the payments to 3rd Party vendor, using wire

transfer; NSR LLC bank account had Plaintiff's personal signature guarantee.

    b.  Various date in Dec 2016 and again on March 14, 2017: 3rd Party vendor claimed (in writing) that customer shipments were made;

    c.  March – April, 2017 (various dates): Customers denied and claimed non-receipt;

    d.  Likely fraud committed by vendor, or in the alternative likely fraud committed by the customers;

30. Cash value evidence for the loss is supported by (including, but not limited to): US Bank Wire Transfer to the vendor, in the amount approximately US $6844.00.

31. Coverage territory is affirmed per HISCOX Policy language (see Policy Clause 4-c(1), page 13 of 16), which states "*Goods or products made or sold by you in the territory described in Paragraph a. above*" [which is the USA geo]. These properties were indeed sold to USA locations.

32. The type of loss is business personal property (aka. "Content"). This type of loss is covered in (at least) two place of the HISCOX Policy, per policy language:

    a.  **Coverage A** – Bodily Injury and **Property Damage Liability**; **Insuring Agreement**: [page 1 of 16]; **Exclusion**: [Clause j, page 4 of 16]; **Definitions**: [Clause 17, page 15 of 16];

    b.  **Coverage D - Supplemental Business Personal Property Coverage Floater, Definition** – Clause #2

33. Findings of Facts (FoF): The below listed FoF items (including, but not limited to) substantiate this loss:

a.  Bank Wire Transfer proof

b.  Vendor emails claiming customers have been shipped

c.  Customer chargebacks

d.  HISCOX Policy

34. Justifications alleged in HISCOX denial letter (for this coverage), and deficiencies in

the said justifications are as follows (including, but not limited to):

a.  **HISCOX Allegation 1**: HISCOX alleged that the said property is not Business

Personal Property. **Deficiencies in HISCOX Allegation 1**: These are auto-parts,

used only for Business, and have no personal use. A Property can only be either

for Business or Personal. Since, these properties cannot be Personal, by default

they are Business.

b.  **HISCOX Allegation 2**: HISCOX alleged that the said property loss related to a

pre-existing condition. **Deficiencies in HISCOX Allegation 2**:  The HISCOX

policy was in full effect when NSR LLC made the payment to the vendor, and

vendor claimed shipment to the merchants. Subsequent denial of receipt of the

merchandise also occurred when HISCOX policy was in full effect. Allegation

of a pre-existing condition is voided by a before-after establishment of the dates.

35. Remedy requested, to be determined during trial, including but not limited to the total

of $6800.00 (wire transfer amount to India), $20,000.00 (frivolous chargeback created

by Merchant Account representatives "NMI" and "Elavon), and loss of business

property (approx. $4500.00).

Complaint – 13

## Count II: Breach of Contract (Part B) – Business Personal Property ("Computer Equipment") Loss

36. Aforesaid clauses 1 to 35 are repeated and incorporated herewith.

37. Legal Standards (supplemental for this Count):

    a.  Clause 28 (emphasis: Clauses 28a-b) is incorporated and repeated herewith.

    b.  Breach of Contract for Property Loss where Property is Content (in Count I), and where Property is Computer Equipment (this Count) are identical.

    c.  Plaintiff ("Bhattacharya") is an ***insured*** party per Hiscox Policy, having transacted relating to the line of business for NSR LLC.

38. The type of loss is Business Personal Property of computer equipment (servers, desktop, laptop, printer, modem, router, cable etc).

39. Background (underlying reasons) for the loss are (including, but not limited to):

    a.  Plaintiff purchased computer equipment(s) for sole usage at NSR LLC office;

    b.  Mid-2017: The said computer equipment(s) were stolen from NSR LLC office;

40. Cash value evidence for the loss is supported by (including, but not limited to): Wire Transfer to the computer and equipment seller by Plaintiff, in the amount approximately US $4500.00.

41. Coverage territory is affirmed per HISCOX Policy language (see Policy Clause 4-c(1), page 13 of 16), which states "*Goods or products made or sold by you in the territory described in Paragraph a. above*" [which is the USA geo]. These computer

equipment(s) were indeed used to sell merchandise to various USA locations.

42. The type of loss is business personal property (aka. "Computers"). This type of loss is covered in (at least) one place of the HISCOX Policy, per policy language:

    a. **Coverage D - Supplemental Business Personal Property Coverage Floater, Definition** – Clause #2

43. Findings of Facts (FoF): The below listed FoF items (including, but not limited to) substantiate this loss:

    a. Plaintiff's wire transfers, as payment to computer equipment seller / supplier.

    b. Office manager statement that these computer equipment(s) have been stolen.

44. HISCOX denial letter (for this coverage) made no reference to this matter, and entirely failed to investigate.

45. Remedy requested, to be determined during trial, including but not limited to the total of loss of business property (approx. $4500.00).

### Count III: Breach of Contract (Part C) – Loss of Merchant Account Funds

46. Aforesaid clauses 1 to 45 are repeated and incorporated herewith.

47. Legal Standards (supplemental for this Count):

    a. Clause 28 (emphasis: Clauses 28a-b) is incorporated and repeated herewith.

    b. Plaintiff ("Bhattacharya") is an *insured* per Hiscox Policy, having transacted relating to the line of business for NSR LLC.

    c. Pursuant to ARS 13-1802 (G) the current matter is a Class 2 felony, for which

Complaint – 15

Plaintiff seeks civil remedy.

    d. Coverage of Business Property loss (**intangible property**, such as money in Bank Accounts) due to theft is well settled for Business Insurance Contracts. See _Lansing Sound Inc v. National Fire Insurance Co of Pittsburgh, No 84-6630, 801 F.2d 1560 (9th Cir. 1986)_.

48. The type of loss is Business Personal Property loss of Merchant Account funds.

    a. Plaintiff provided personal guarantee to the Merchant Accounts, at the time of formation of Credit Card Processing Agreement.

    b. Loss (due to theft) incurred in the Merchant Accounts is a loss of Plaintiff.

49. Background (underlying reasons) for the loss are (including, but not limited to):

    a. NSR LLC customers paid into the Merchant Accounts of NSR LLC.

    b. March – April 2017: Credit Card processor companies denied all 100% chargebacks against Plaintiff (aka. the Business);

    c. Credit card (Visa, MasterCard) industry standard for chargeback dispute is around 92~93% (7~8%) in favor of Business (end consumer).

        i. Plaintiff shall present said industry standards during Discovery and Trial.

    d. This is in outrageous contrast to the all 100% denial against the Business.

50. Cash value evidence for the loss is supported by (including, but not limited to): Credit card swipe data vis-à-vis chargeback records, withdrawals from NSR LLC Merchant Accounts in the amount in excess of US $30,000.00.

51. Coverage territory is affirmed per HISCOX Policy language (see Policy Clause 4-c(1),

page 13 of 16), which states *"Goods or products made or sold by you in the territory described in Paragraph a. above"* [which is the USA geo]. The Merchant Accounts were all within USA geo locations.

52. HISCOX denial letter failed to discuss this matter and made no investigation thereof. Insurer's denial is *entirely absent.* Plaintiff reported this loss to HISCOX combined with Count IV.

53. Findings of Facts (FoF): The below listed FoF items (including, but not limited to) substantiate this loss:

    a.  Credit Card Swipe Data, Authorization Codes;

    b.  Chargeback records;

    c.  All 100% chargebacks determined against Plaintiff

54. The type of loss is business personal property (aka. "Property"). This type of loss is covered in (at least) one place of the HISCOX Policy, per policy language:

    a.  **Coverage A** – Bodily Injury and **Property Damage Liability; Insuring Agreement**: [page 1 of 16]; **Exclusion**: [Clause j, page 4 of 16]; **Definitions**: [Clause 17, page 15 of 16];

    b.  Policy language (see Clause 17 in page 21 of 51) and property definition having only one exclusion listed as: *electronic data*.

    c.  Bank Account, Money, Securities are not listed as exclusion.

    d.  Insurance is a contract of adhesion. Ambiguity always favors insured and goes against the insurer.

e. Furthermore, Business Insurance coverage of Money, Bank Accounts, etc related theft (extending the same coverage for intangible properties) are well settled, see precedent: *Lansing Sound Inc v. National Fire Insurance Co of Pittsburgh, No 84-6630, 801 F.2d 1560 (9th Cir. 1986)*.

55. Remedy requested, to be determined during trial, including but not limited to the total of loss of Merchant Account (approx. $30,000.00).

**Count IV: Breach of Contract (Part D) – Failure to Duty to Defend**

56. Aforesaid clauses 1 to 55 are repeated and incorporated herewith.

57. Legal Standards (supplemental for this Count):

a. Clauses 28a-b are incorporated and repeated herewith specific to the timeline of commence of this civil action.

b. Plaintiff ("Bhattacharya") is an *insured* per Hiscox Policy, having transacted relating to the line of business for NSR LLC.

c. Elavon lawsuit sued Plaintiff ("Bhattacharya") as an individual.

i. Plaintiff was sued personally and has a direct right to loss recovery, in addition to the loss recovery rights for NSR LLC (due to the assignment).

d. Duty to Defend the insured is a contractual requirement in the HISCOX policy.

e. See [1] *Nucor Corporation v. Employers Insurance Co of Wausau and Hartford, 231 Ariz. 411 (Ariz.App. Div. 1 2012), 296 P.3d 74*, [2] *Desert Mountain*

Complaint – 18

*Properties Limited Partnership v. Liberty Mutual Fire Insurance Co., 225 Ariz. 194 (Ariz.App. Div. 1 2010), 236 P.3d 421* as precedents for Failure to Duty to Defend for Property Loss in an insurance contract.

    f.  See *Lansing Sound Inc v. National Fire Insurance Co of Pittsburgh, No 84-6630, 801 F.2d 1560 (9th Cir. 1986)* that sets **intangible property (such as Bank Accounts, Trusts, Merchant Accounts etc) as legitimate property**.

    g.  Federal Arbitration Act, 1925, for credit card chargeback arbitration.

    h.  Public Citizen, Sept 2007, "How credit card companies ensnare consumers", **Public Citizen's Congress Watch,** http://www.citizen.org

58. Findings of Facts (FoF): The below listed FoF items (including, but not limited to) substantiate this loss:

    a.  Elavon's Civil Complaint and NSR LLC Answer;

    b.  Settlement Check copy;

    c.  Attorney Fee Receipt;

    d.  Court Cost Receipts;

59. Justifications alleged in HISCOX denial letter (for this coverage), and deficiencies in the said justifications are as follows (including, but not limited to):

    a.  **HISCOX Allegation**: HISCOX denial letter alleged "no property damage".

    b.  **Deficiency in HISCOX Allegation: HISCOX did not consider cash (in Merchant Account) as Property**; See *Lansing Sound Inc v. National Fire Insurance Co of Pittsburgh, No 84-6630, 801 F.2d 1560 (9th Cir. 1986)*

which well settles the coverage of theft of intangible property (such as Bank Accounts) in business insurance.

60. Background (underlying reasons) for the loss are (including, but not limited to):

    a. NSR LLC customers paid into the Merchant Accounts of NSR LLC.

    b. Credit Card processor companies denied chargeback all 100% against Plaintiff;

    c. The credit card industry standard for chargeback dispute is generally around 92~93% in favor of Business and only 7~8% in favor of the end consumer.

    d. This is in outrageous contrast to the all 100% denial against Plaintiff.

    e. NSR LLC closed Merchant Account and walked away with proceeds.

    f. April 2018: Later, Merchant Account jurat entity (Elavon) sued NSR LLC for breach of contract, for a fake and frivolous amount.

    g. May 2018: NSR LLC presented the Complaint to HISCOX promptly. HISCOX denied coverage.

    h. October 2018: NSR LLC defended itself, and received a low cost settlement by virtue of the (lack of) merit of the case.

61. The type of loss is in Liability section of HISCOX policy and is covered in (at least) one place of the HISCOX Policy, per policy language:

    a. **Coverage A** – Bodily Injury and **Property Damage Liability**; **Insuring Agreement**: [page 1 of 16];

62. Cash value evidence for the loss is supported by (including, but not limited to):

Settlement check, attorney fees, and court costs, totaling approximately US $3000.00.

63. Other consequential damages include emotional distress (for having to defend against a fake or frivolous lawsuit), tarnished reputation (for having to be engaged in a civil lawsuit), loss of time (taken from other gainful professional engagements).

64. Remedy requested, to be determined during trial, including but not limited to the total of loss of Merchant Account (approx. $30,000.00).

## Count V: Bad Faith (Part A) – Failure to Investigate

65. Aforesaid clauses 1 to 64 are repeated and incorporated herewith.

66. Legal Standards (supplemental for this Count):

    a.  Per *Noble v. National American Life Insurance Company, 128 Ariz. 188, 624 P.2d 866 (1981),* failure to thoroughly investigate the claim is sufficient to demonstrate bad faith.

    b.  Plaintiff exercises his rights to loss recovery, originating from Plaintiff's rights to loss recovery from the underlying Counts II, III and IV.

    c.  Plaintiff also exercises his rights originating from recovery of NSR LLC's loss (for Count I), the said loss (of NSR LLC) having been assigned to Plaintiff.

67. HISCOX conduct for the above stated Counts are as follows, first summarized in the below table and then elaborated in Clauses 67a – d, respectively.

| Count & Title | HISCOX Conduct (Bad Faith – Part A) |
|---|---|
| I. Property Theft (Auto Parts) | Failed to conduct any investigation |
| II. Computers and Equipment | Did not even address the matter in denial letter. |

Complaint – 21

| Theft | |
| --- | --- |
| III. Merchant Bank Account Theft | Did not even address the matter in denial letter. |
| IV. Failure to Duty to Defend | Failed to investigate the Merchant Accounts theft; Did not consider Bank Account as Intangible Property; Denied on previously ruled issue. |

a. **Count I (Property Theft) – HISCOX failed to conduct any investigation.**

    i.   Plaintiff provided details of vendor contacts, as well as customer details.

    ii.  HISCOX made no due diligence to contact either the vendor or the customers to determine who is the telling the truth – were the auto parts indeed shipped (i.e., customers are lying) or is the vendor lying after having sent a written declaration (to NSR LLC) that the auto parts were sent.

    iii. Plaintiff provided the (Indian) passport details of vendor contact. HISCOX made no effort to engage an insurance investigator to criminally investigate the vendor contact.

    iv. Instead, HISCOX adopted a foregone conclusion that these auto parts are not business personal property.

    v.  Indeed, if these auto parts are not business personal property, then according to HISCOX are they personal property (if so, Mr. Bhattacharya's Homeowner's insurance ought to cover it).

b. **Count II (Computers and Equipment Theft) – HISCOX failed to address altogether.**

Complaint – 22

c. **Count III (Theft from Bank Account) – HISCOX failed to address altogether.**

    i.   Indeed, a Merchant Account bank, who is making NSR LLC liable for all 100% of the chargeback disputes (in striking contrast to industry standard where approx. 7~8% of the chargeback disputes are ruled against the business) should be investigated for accounting fraud.

    ii.   HISCOX failed to engage an insurance investigator to investigate Elavon and NMI (the two business entities that provided Merchant account credit card processing services to NSR LLC) seeking explanation as to why – despite the industry standard being a low 7~8% chargebacks being ruled against the business – why Elavon as well as NMI were adopting a 100% chargebacks being ruled against the business.

    iii.   HISCOX failed to engage an insurance investigator if external (3rd party, 4th party) Civil and Criminal Wrongdoers (CCW) were badmouthing the Plaintiff, possibly with a 1st Amd. Retaliation motive, which were in turn triggering Elavon and/or NMI to unduly influence the chargeback dispute decisions, all to the detriment of NSR LLC business proceeds.

        1.   The said investigation would have likely revealed a Criminal Conspiracy committed by CCW in cooperation of accountants and desk clerks employed by Elavon and/or NMI.

        2.   The said investigation would also have demonstrated a continued

pattern of Civil Rights violation of Bhattacharya, as well as 1st

Amd. Retaliation Attack pattern of conduct committed by CCW.

3. The said investigation would have made both CCW, as well as

Elavon and NMI accountable and liable for the damages.

iv.   Instead of these fair and forthcoming investigations, HISCOX decided to

collaborate with these harmful and retaliatory CCW with great pleasure,

and adopted a derisive (aka. reduction of identity of Bhattacharya) attitude

to Bhattacharya (Plaintiff) and NSR LLC, to unduly deny the claim.

1. HISCOX investigation would have allowed NSR LLC to continue

business operations, instead of employee termination and shut

down, with additional damages that include but are not limited to

emotional distress and business tort.

d. **Count IV (Failure to Duty to Defend) – HISCOX did not consider**

**Merchant Account as Property, Plus, denied on Previously Ruled Issue**

i.   HISCOX alleged NSR LLC Bank Account theft not to be a Property.

ii.   However, intangible property such as Bank Account, is well settled to be

a Property in the Business Insurance context. See *Lansing Sound Inc v.*

*National Fire Insurance Co of Pittsburgh, No 84-6630, 801 F.2d 1560*

*(9th Cir. 1986)*.

68. Finding of Facts (FoF): The below listed FoF items (including, but not limited to)

substantiate this loss:

Complaint – 24

a.   HISCOX Denial Letters

b.   Demonstration of no mention of Counts II and III

c.   Demonstration of no investigation for Counts I and IV.

69. Remedy demanded, to be determined during trial, is not less than US $100,000.


## Count VI: Bad Faith (Part B) – Denial of Previously Ruled Issues

70. Aforesaid clauses 1 to 69 are repeated and incorporated herewith.

71. Legal Standards (supplemental for this Count):

a.   Per *Noble v. National American Life Insurance Company. 128 Ariz. 188, 624 P.2d 866 (1981),* denial of a previously ruled (as covered) issue claim is sufficient to demonstrate bad faith.

b.   Plaintiff exercises his rights to loss recovery, originating from Plaintiff's rights to loss recovery from the underlying Counts II, III and IV.

c.   Plaintiff also exercises his rights originating from recovery of NSR LLC's loss (for Count I), the said loss (of NSR LLC) having been assigned to Plaintiff.

72. HISCOX conduct for the above stated Counts are summarized in the below table and then detailed in Clauses 72a – 72b, respectively.

| Count & Title | HISCOX Conduct – Bad Faith (Part B) |
|---|---|
| I. Property Theft (Auto Parts) | Business Property Theft is a covered loss per Precedent. HISCOX violated previously ruled issue. |
| II. Computers and | Business Property Theft is a covered loss per Precedent. |

| Equip. Theft | HISCOX violated previously ruled issue. |
|---|---|
| III. Merchant Bank Account Theft | Merchant Account is Property per precedent. Theft from Merchant Account is Business Property Theft. HISCOX violated previously ruled issue. |
| IV. Failure to Duty to Defend | Property Theft related lawsuit Duty to Defend is well settled as covered in precedent; Plus, Merchant Account is Property per precedent. HISCOX violated previously ruled issue. |

a. **Count I (Property Theft) – Business Property Theft Previously Ruled as Covered.**

    i. Coverage of Business Property loss (tangible property) due to theft is well settled for Business Insurance Contracts. See [1] *Winters v State Firm, 73 F.3d 224 (9th Cir. 1995)*; [2] *Sophia Brulee v. Midvale Indemnity Co., No. 1:17-cv-01434 JLT, US District Court, E.D. California, Nov 5, 2018.* [3] *Patterson v. American Economy Insurance Co, No. 1:14-cv-01281-EPG, U.S. District Court, E.D. California, June 9, 2016.*

    ii. Yet, HISCOX denied the claim, contradicting the previously ruled issues.

b. **Count II (Computers and Equipment Theft) - Business Property Theft Previously Ruled as Covered.**

    i. Precedents same as with Count I.

    ii. Yet, HISCOX denied the claim, contradicting the previously ruled issues.

c. **Count III (Theft from Bank Account) – Intangible Property (Bank Account) Theft Previously Ruled as Covered**

i.  Coverage of Business Property loss (**intangible property**, such as money in Bank Accounts) due to theft is well settled for Business Insurance Contracts. See *Lansing Sound Inc v. National Fire Insurance Co of Pittsburgh, No 84-6630, 801 F.2d 1560 (9th Cir. 1986)*.

ii.  Of course, coverage of Business Property theft is well settled as well, see references for Count I, repeated herewith. [1] *Winters v State Firm, 73 F.3d 224 (9th Cir. 1995)*; [2] *Sophia Brulee v. Midvale Indemnity Co., No. 1:17-cv-01434 JLT, US District Court, E.D. California, Nov 5, 2018,* [3] *Patterson v. American Economy Insurance Co, No. 1:14-cv-01281-EPG, U.S. District Court, E.D. California, June 9, 2016*.

iii.  Yet, HISCOX denied the claim, contradicting the previously ruled issues.

d.  **Count IV (Failure to Duty to Defend) – Property Theft Duty to Defend Previously Ruled as Covered + Intangible Property (Bank Account) Previously Ruled as Property**

i.  For Failure to Duty to Defend for Property see [1] *Nucor Corporation v. Employers Insurance Co of Wausau and Hartford, 231 Ariz. 411 (Ariz.App. Div. 1 2012), 296 P.3d 74,* [2] *Desert Mountain Properties Limited Partnership v. Liberty Mutual Fire Insurance Co., 225 Ariz. 194 (Ariz.App. Div. 1 2010), 236 P.3d 421*. Precedents for Failure to Duty to Defend for Property Loss in an insurance contract are well settled.

ii.  For Bank Accounts to be Property per Business Insurance see *Lansing*

*Sound Inc v. National Fire Insurance Co of Pittsburgh, No 84-6630, 801 F.2d 1560 (9th Cir. 1986).*

    **iii.**    Yet, HISCOX denied the claim, contradicting the previously ruled issues.

73. Finding of Facts (FoF): The below listed FoF items (including, but not limited to) substantiate this loss:

    a.  HISCOX Denial Letters

    b.  Demonstration of Counts I, II, III and IV being covered per previously ruled precedents.

74. Remedy demanded, to be determined during trial, is not less than US $100,000.

**Count VII: Punitive Damage**

75. Aforesaid clauses 1 to 74 are repeated and incorporated herewith.

76. Legal Standards (supplemental to this Count):

    a.  Clauses 26, 28a, 28b are incorporated and restated.

    b.  Plaintiff exercises his rights to loss recovery, originating from Plaintiff's rights to loss recovery from the underlying Counts II, III and IV.

    c.  Plaintiff also exercises his rights originating from recovery of NSR LLC's loss (for Count I), the said loss (of NSR LLC) having been assigned to Plaintiff.

    d.  Burden of proof for punitive damages is *clear and convincing* evidence. *Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 723 P.2d 675 (1986).

    e.  *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565 (1986)

       i.  *"Plaintiff can prove the punitive damage case by inference and with circumstantial evidence"*.

      ii.  Evil mind which will justify the imposition of punitive damages may be manifested in either of two ways.

         1.  Defendant intended to injure the plaintiff.

         2.  Defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.

77. Finding of Facts (FoF): The below listed FoF items (including, but not limited to) substantiate this loss:

    a.  HISCOX Denial Letters

    b.  Facts to be established by Bhattacharya's testimony during trial, regarding meeting Tests 1 and 2 of the Punitive Damage (see clauses 78, 79 below). Plaintiff alleges and will present evidence during trial to meet and exceed this test, per clear and convincing evidentiary standard.

| Punitive Damage – Test | Evidences |
|---|---|
| **Test 1:** Insurer consciously pursued a course of conduct | **3 Direct and Material Evidences** presented: <br> 1. HISCOX failed to investigate why all 100% chargeback were ruled against the Business, when Industry Std is only 7~8%. Failure to investigate led to theft from business bank account. <br> 2. HISCOX failed to investigate auto-parts theft. Failure to investigate led |

| | |
|---|---|
| knowing it created a substantial risk of harm to Plaintiff and others | to closure of credit card processing ability of business, shut down of revenue stream, and closure of business.<br><br>3. HISCOX failed to defend Plaintiff and NSR LLC in the lawsuit filed by Elavon. Due to lack of merit, the lawsuit got resolved for a very small-$$. Yet, Elavon consciously decided not to defend Plaintiff and NSR LLC, ensuring Plaintiff and NSR LLC were forced to defend the lawsuit on their own. |
| **Test 2:** Insurer intended to injure Plaintiff. | **6 Circumstantial Evidences** presented:<br><br>1. HISCOX was conspiring with 3rd party (CCW) to inform opposing counsel disclosing which date/time Bhattacharya would come home, so as to serve legal papers easily.<br><br>2. HISCOX was conspiring with 3rd party (CCW) to send a bunch of people to co-ride in the same airplane making a mockery of Bhattacharya, fully knowing that upon return home Bhattacharya would get served with the Elavon lawsuit legal papers.  Text book example of insane hatred and jealousy documented and evidenced.<br><br>3. HISCOX and its co-conspirator (CCW) were street loitering in Lincoln, NE, near an attorney office building making mockery of Bhattacharya immediately after conniving with the vendor to run away with Bhattacharya's money.<br><br>4. HISCOX was actively in cooperation with Elavon, much prior to the Elavon lawsuit commence, even to the extent tha HISCOX counsel |

knew what settlement offer Plaintiff offered to Elavon desk clerk more than a year before the Elavon lawsuit commenced, and why Elavon refused to respond to the said settlement offer.

5. HISCOX and its co-conspirator (CCW) were calling NSR LLC's past customers, bad mouthing and manufacturing contrived customer money back refund claims.

6. HISCOX and its co-conspirator (CCW) were threatening Bhattacharya to prosecute using some "fictitious" Dept of Labor laws, where if a sales person is asked to work 8-hours per day allegedly some labor laws were violated.

78. **Punitive Damage – Test 1**: Defendant (Insurer) consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others (including but not limited to Plaintiff).

   a. *Direct Evidence 1:* Defendant (Insurer) consciously elected not to investigate Bank Account related theft committed by the Merchant Account (Credit Card processors), Elavon and NMI. When 100% of the chargeback disputes were made against Plaintiff, contrary to expected industry standard 7~8%, any common sense accountant investigator would have marked it as a theft.

      i. Consequence of not investigating this theft led to significant harm to NSR LLC: (i) revenue pipeline stoppage for NSR LLC, (ii) shut down of the business operation, (iii) employee layoff.

b. ***Direct Evidence 2:*** Defendant (Insurer) consciously elected not to investigate the auto parts delivery related theft committed by the 3rd party vendor. Vendor's statement of having sent the auto parts and customers statements of not receiving the same – one party must be lying – this common sense investigation by HISCOX would have prevented large number of chargebacks. Lack of any investigation by HISCOX, and cooperation thereof led to significant harm to NSR LLC. Furthermore, to many of the customers who claimed non-receipt of the auto parts, Plaintiff had to personally pay for their loss, by paying for duplicate parts, adding personal loss to the business loss.

c. ***Direct Evidence 3:*** Defendant (Insurer) consciously elected not to defend Plaintiff and NSR LLC in the civil lawsuit filed by Elavon (April 2018). Because the lawsuit was fake and frivolous (lacked substance), Plaintiff and NSR LLC did eventually settle this lawsuit in favorable terms (after the opposing counsel recognized the matter during Discovery). However, Plaintiff was required to go through the lawsuit, causing stress, anguish, personal workload, attorney consultation fee, court costs – all of which (a great deal of harm) HISCOX consciously imposed onto Plaintiff and NSR LLC.

79. **Punitive Damage – Test 2**: Defendant intended to injure the Plaintiff.

a. ***Circumstantial Evidence 1***: Elavon lawsuit was filed on or around April 4th but not served by US Mail until on or around April 28th, precisely a day before Bhattacharya randomly scheduled a travel plan from out of town (New York

City) visiting back to his residence in Maricopa County. A question remains, as

how did the opposing counsel in Elavon lawsuit came to know Bhattacharya's

precise travel plans (to serve Bhattacharya by mail without any miss), unless

certain Civil and Criminal Wrongdoers (CCW) who may have access to

Bhattacharya's email, credit card transactions, air ticket purchases were actively

in consultation and cooperation with Elavon's counsel.

b. *Circumstantial Evidence 2:* Elavon lawsuit was filed as a retaliatory conspiracy

by CCW with HISCOX. During the late-April 2018 flight from NYC to Phoenix

(when the Elavon lawsuit was filed but Bhattacharya did not know about it)

Bhattacharya was followed by a group of plain clothes civilian type people (all

middle to late age male Caucasian, and one family [husband, wife and a small

child] with provincial root from Southern part of India), watching face, with

unusual alert expressions, making subtle mockery of Bhattacharya.

Bhattacharya wondered sitting in the airplane what the fuss was all about, and

then Bhattacharya reached his home to check his mailbox to realize what the

fuss was indeed all about. Ironically, the Elavon lawsuit did not do too well, but

nevertheless the retaliatory conduct is documented and evidenced. Failure of

HISCOX duty to defend fits the pattern of this retaliatory conduct.

c. *Circumstantial Evidence 3:* The 3rd party vendor's (from Bangalore, India)

conduct to outright defraud Plaintiff (by promising to send auto-parts to receive

the $6800-approx wire transfer and then run away with the money) was

provoked or possibly contrived with an active cooperation by CCW operating in close contact with Hiscox. During Nov/Dec 2016, when Plaintiff contacted a Lincoln, NE attorney to review HISCOX claim filing matters, he faced a large number of "street-operative" type hooligans loitering, making mockery near the elevator of the high-rise building where the attorney's office was located. It was fairly obvious that these hooligans (essentially a gang of street-criminals) knew everything about Plaintiff's loss and were enjoying the incident, quite possibly having manufactured the incident on their own by an act of conspiracy.

d. *Circumstantial Evidence 4:* During May 2018 when Plaintiff contacted HISCOX, providing a copy of the Elavon lawsuit complaint, few bizzare incidents occurred. [1] the HISCOX policy provided email address to report claim started bouncing, as if it is a wrong email. [2] The attorney's email address from HISCOX who previous corresponded with Plaintiff during 2017 claim denials, also bounced. It was apparent that a ghostly middle-person was interrupting Plaintiff's outgoing emails to HISCOX and manufacturing an email bounce. Then, Plaintiff telephoned the HISCOX attorney from the phone number provided previously in the attorney's correspondence and it worked. But, while describing the Merchant Account funds theft, the attorney made a comment that Plaintiff's 50%-meet-in-the-middle proposal with Elavon was not accepted because of high-risk nature of business. But, Plaintiff had not provided this information to the HISCOX attorney. Somehow, the HISCOX attorney was

fully aware of what settlement proposal Plaintiff provided to Elavon's desk clerk 1 year before. HISCOX conversation clearly demonstrated that HISCOX was receiving a lot of information about Elavon behind Plaintiff's back, unknown to Plaintiff. There is no second way to interpret these circumstantial evidences other than HISCOX being closely in cooperation with Elavon much, much prior to the Elavon lawsuit commence, with a harmful intent to Plaintiff.

e. *Circumstantial Evidence 5:* A specific sales person of NSR LLC (*John Dishonest Doe* [*JDD*]) who was paid his sales commission was caught red handed with embezzlement. When the matter unfolded somehow (by some ghostly coincidence) NSR LLC paying customers (who were completely unrelated to *JDD*) from several months back, suddenly surfaced up to trigger credit card chargebacks. It was fairly obvious that CCW, who may have had Plaintiff's email and phone access and access to all sales data were making black phone calls to past paying customers of NSR LLC, to bad mouth and provoke money refund claims.

f. *Circumstantial Evidence 6:* Another specific sales person of NSR LLC (*John Lazy Doe* [*JLD*]) who refused to do any work was asked to select **any** 8-hour shift to put in a good day's worth of work. Because his work involved US-geo customers, he could only work India-time night shift, which he refused. During this time, suddenly Plaintiff (Bhattacharya) received a threat of prosecution via ugly hallway slurs in the building of the Lincoln, NE facility where he worked.

1
2
3
4
5
6
7
8
9
10

It was fairly obvious that *JLD*'s scam of earning a salary and sales commission without doing any work was concocted by CCW as a retaliatory tactic. When Bhattacharya opposed, CCW was conspiring a threat of prosecution (mis-)using Dept of Labor laws claiming unfair labor condition. It was unclear as to which DoL laws were potentially violated, nevertheless a street criminal hooligan indeed does not need a legal substantiation while uttering a hallway slur. The ugly hallway slurs discontinued within a few days, nevertheless the matter was documented and evidenced.

80. Plaintiff reserves the right to testify upon consultation with personal notebook, and demonstrate how fragments of conversation with Defendant's attorney accidentally and coincidentally revealed allusions to private/personal space issues of Plaintiff. These circumstantial evidences further establish active cooperation and conspiracy with 3rd party external CCW, all to the planned harm to Plaintiff.

81. The proof standard for Punitive Damage is Clear and Convincing. Circumstantial evidence can indeed be used, as is cited in Clauses 79 and 80.

**82.** Punitive damage awards are significantly higher in amount. Because in the current matter HISCOX actively collaborated with CCW, with a larger and broader scale harmful conduct towards Bhattacharya, and furthermore because HISCOX conspiracy violates several federal laws (including but not limited to 1st Amd Retaliation, and Civil Rights), Plaintiff demands a punitive damage award far above the average (50 percentile) punitive damage award for Arizona insurance bad faith cases. Remedy

requested, to be determined during trial, not less than 5 times the cumulative of the restitutions demanded for Counts I to VI, a sum not less than US $1.5M. The 5-times accounting model is adopted from a mid-point in punitive damage awards, Plaintiff reserves the right to supplement, amend or otherwise modify the restitution amount during Discovery and Trial.

In consideration of the foregoing, Plaintiff respectfully submits this Complaint with the relief request from each one of the Counts I – VII, and any other relief that the Court may consider just plus any other relief that may become relevant during the course of the trial and associated discovery.

RESPECTFULLY SUBMITTED this   20th   day of February, 2019.

(S. Bhattacharya, Plaintiff)

I certify that I served this Complaint and Summons on this   20th day of February, 2019 to HISCOX Insurance Company, at the Arizona Department of Insurance, per address of official record of the State of Arizona.

Arizona Dept of Insurance, 100 N 15th Avenue, Suite 102, Phoenix, AZ 85007

Complaint – 37

# Exhibit 11

CHRIS DEROSE, CLERK

BY *[signature]* DEP

J. FOLTS, FILED

**2019 FEB 20  PM 3: 11**

FOR CLERK'S USE ONLY

Person Filing:____Sourav Bhattacharya

Address (if not protected):____13418 N Clifftop Drive

City, State, Zip Code:____Fountain Hills, AZ 85268

Telephone:____(480) 321 - 9563

Email Address:____sourav_az@yahoo.com

Lawyer's Bar Number:____

Representing ☐ Self, without a Lawyer  or  ☐ Attorney for  ☐ Petitioner  OR  ☐ Respondent

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Sourav Bhattacharya

_____

PLAINTIFF,

vs.

HISCOX Insurance Company, DOE Individuals I-X,

Black Corporations I-X, Green Partnerships I-X

DEFENDANT.

**CV2019-052190**

Case Number: _____

## CERTIFICATE OF COMPULSORY ARBITRATION

The undersigned certifies that the largest award sought by the complainant, including punitive damages, but excluding interest, attorneys' fees, and costs **does / ~~does  not~~** exceed limits set by Local Rule for compulsory arbitration.  This case ~~is~~ **/ is  not** subject to compulsory arbitration as provided in Rules 72 through 77 of the Rules of Civil Procedure.

SUBMITTED this _2₀ᵀʰ_ day of _February_, 20_19_.

BY _____Sourav  Bhattachoya_____

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV00f - 030617
Use current version

# Exhibit 12

CHRIS DEROSE, CLERK
BY [signature] DEP

J. FOLTS, FILED

2019 FEB 20 PM 3: 11    For Clerk's Use Only

Person Filing: __Sourav Bhattacharya__
Address (if not protected): __13418 N Clifftop Drive__
City, State, Zip Code: __Fountain Hills, AZ 85268__
Telephone: __(480) 321 - 9563__
Email Address: __sourav_az@yahoo.com__
Lawyer's Bar Number: _____

Representing ☐ Self, without a Lawyer  or  ☐ Attorney for  ☐ Plaintiff  OR  ☐ Defendant

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

CV 2019 - 05 21 90

Sourav Bhattacharya
Name of Plaintiff

Case Number: _____

Title:   **PLAINTIFF'S DEMAND for**
        **JURY TRIAL**

HISCOX Insurance Company, DOE Individuals I-X,
Name of Defendant

Plaintiff, __Sourav Bhattacharya__ , demands a trial by jury in this case. If this
                (Name of Plaintiff)

case is sent to compulsory arbitration, Plaintiff demands a trial by jury if there is an appeal

from that compulsory arbitration.

Dated this __Feb 20, 2019__
              (Date of signature)

[signature]
(Signature of Plaintiff or Plaintiff's Attorney)

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED          Page 1 of 1          CVC11f 050718

# Exhibit 13

## **VERIFICATION**

Pursuant to Rule 3.6(b) of the Rules of Practice of the U. S. District Court for the District of Arizona, I, Daniel B. Bernardone, verify under penalty of perjury that the documents labeled exhibits 1–6 and 9–12 constitute true and complete copies of all pleadings and other documents filed in the state court proceeding of *Bhattacharya v. Hiscox*, CV2019-052190, based upon my review of the Maricopa County superior court's online docket today and based upon the documents provided to us by our client and by a courier that retrieved copies of pleadings from the Maricopa County superior court on Monday, April 29, 2019.

5/1/19
Date

Daniel B. Bernardone