WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sourav Sam Bhattacharya, <br><br> Plaintiff(s), <br><br> v. <br><br> HISCOX Insurance Company, et al., <br><br> Defendant(s). | No. CV-19-02780-PHX-ESW <br><br> **ORDER** |

Plaintiff has sued Defendant HISCOX Insurance Company for non-payment of an insurance claim that Plaintiff filed on behalf of himself and Plaintiff's business, NSR LLC. Pending before the Court are Plaintiff's "Motion for Amended Complaint" (Doc. 26) and Plaintiff's "Rule 15(a)(2) Motion; Leave of Court to Amend Complaint" (Doc. 36). Plaintiff seeks to add a tenth count that alleges a claim for "Errors and Omission" (Doc. 27 at 40). For the reasons explained below, Plaintiff's Motions (Docs. 26, 36) will be denied.

## **I. LEGAL STANDARDS**

Rule 15(a) of the Federal Rules of Procedure provides that "leave [to amend a pleading] shall be freely given when justice so requires." A district court has the discretion to grant or deny a motion to amend. *See, e.g., Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *Chappel v. Laboratory Corp. of Amer.*, 232 F.3d 719, 725 (9th Cir. 2000). That discretion is "especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint . . . ." *DCD Programs, Ltd. v. Leighton*,

833 F.2d 183, 186 n.3 (9th Cir. 1987) (internal quotation marks and citation omitted); *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980) (explaining "the rule that a district court has broad discretion to grant or deny leave to amend, particularly where the court has already given a plaintiff one or more opportunities to amend his complaint to allege federal claims").

Although Rule 15(a) is very liberal, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). These factors, however, are not given equal weight. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.").

## II. DISCUSSION

Plaintiff's Amended Complaint alleges that NSR, LLC incurred a loss and has assigned that loss to Plaintiff. (Doc. 27 at 40, ¶ 92). The Amended Complaint adds Count X, labeled as "Errors and Omission." In Count X, Plaintiff alleges that the "[o]mission of Bhattacharya (as an individual) name from the [insurance policy's] Declarations page is an Error and Omission (E & O) issue." (*Id.* at 41, ¶ 96). Count X also contends that "Bhattacharya (as an individual) is a first Named Insured" because "Bhattacharya (as an individual) paid for all the policy premiums" and the "policy language makes the premium payor as first Named Insured." (*Id.*, ¶ 95) (emphasis omitted). The Court is persuaded by Defendants' argument that Count X of the Amended Complaint fails to state a claim. (Doc. 31 at 5-8). Plaintiff's Motions (Docs. 26, 36) will be denied on the ground that allowing the proposed amendment would be futile.

## III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's "Motion for Amended Complaint" (Doc. 26).

**IT IS FURTHER ORDERED** denying Plaintiff's "Rule 15(a)(2) Motion; Leave of Court to Amend Complaint" (Doc. 36).

Dated this 23rd day of August, 2019.

_____
Eileen S. Willett
United States Magistrate Judge